UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
EBONY S. JERIDO, :
: Civil Action No.:
                Plaintiff, :
:
- against - :
:
UBER TECHNOLOGIES, INC., :
:
                Defendants. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Uber Technologies, Inc,. ("Uber"), hereby gives notice of the removal of this action, which is currently pending in the Supreme Court of New York, Bronx County, captioned *Ebony Jerido v. Uber Technologies, Inc.,* Index No. 801508/2021E, to the United States District Court for the Southern District of New York. As grounds for removal, Uber states as follows:

        1.      Uber removes this case on the basis of diversity jurisdiction, on the grounds that there is complete diversity of citizenship among the parties to this litigation and the amount in controversy exceeds $75,000 exclusive of interest and costs. See 28 U.S.C. § 1332(a)(1) ("[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

## BACKGROUND

2. On or about February 2, 2021, Plaintiff Ebony S. Jerido ("Plaintiff") filed a complaint ("the Complaint") in the Supreme Court for Bronx County naming Uber as a defendant. *See* Summons and Complaint against Uber, annexed hereto as **Ex. "A".**

3. On or about May 17, 2021, Plaintiff filed an Amended Complaint ("the Amended Complaint") in the Supreme Court for Bronx County naming Uber as a defendant. *See* Summons and Amended Complaint against Uber, annexed hereto as **Ex. "B".**

4. Plaintiff alleges in the Complaint that he was injured in an automobile collision on January 2, 2018 and suffered "serious" and "severe and permanent injuries" and that plaintiff is "disabled," and will "require and still need extensive and ongoing hospital, medical and rehabilitation care and attention, and to incur substantial hospital, medical and other expenses" *See* **Ex. "B"** at ¶¶ 39, 41.

5. On or about December 29, 2021, Defendant filed an Answer to Plaintiff's Amended Verified Complaint, a copy of which is annexed hereto as **Ex. "C".**

## TIMELINESS OF REMOVAL

6. This application is filed within thirty (30) days of receipt by defendant-petitioner of the Amended Response to Demand Pursuant to CPLR § 3017(c). Pursuant to the authority of *Cazaubon v. Korean Airlines Co.*, 2007 U.S. Dist. LEXIS 40080 (EDNY 2007); *DeMarco v. MGM Transp.*, 2006 U.S. Dist. LEXIS 10121 (SDNY 2006) and *Setlock v. Renwick*, 2004 WL 1574663 (WDNY 2004), the Plaintiff's Amended Response to Demand Pursuant to CPLR § 3017(c) constitutes the "other paper" that 28 U.S.C. § 1446(b) recognizes as an alternative starting time for the 30-day removal period. Accordingly, this petitioner is timely brought.

**DIVERSITY OF CITIZENSHIP**

7. Complete diversity of citizenship exists in this matter because Defendant is a citizen of a different state than Plaintiff. See 28 U.S.C. §1332(a).

8. Plaintiff alleges that she is an individual residing in Bronx County, New York. Plaintiff is therefore a citizen of New York for diversity purposes.

9. At the time of the filing of the Complaint, Uber Technologies, Inc. was, and currently is, a corporation formed under the laws of the State of Delaware with its principal place of business located at 1515 3rd Street, San Francisco, CA 94158. Uber Technologies, Inc. is therefore not a citizen of New York for diversity purposes.

10. There is complete diversity between Plaintiff and Defendant in this action because Plaintiff is a citizen of the State of New York and no Defendant is a citizen of the State of New York. See 28 U.S.C. § 1332(a)(1).

**AMOUNT IN CONTROVERSY**

11. Based on Plaintiff's allegations, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction to 28 U.S.C. § 1332.

12. Where, as here, the amount in controversy is not apparent from the pleadings, the defendant may attach documents outside of the pleadings, including "information relating to the amount in controversy in the record of the State proceeding, or in response to discovery," to their removal notice. 28 U.S.C. § 1446(c)(3)(A).

13. No amount of damages was specified in the complaint in order to intelligently ascertain removability. As such, on February 14, 2022, Defendant served upon Plaintiff, a demand pursuant to CPLR § 3017(c) requesting plaintiff to serve a supplemental demand for relief setting forth the total damages to which he deems himself entitled. A copy of this demand is annexed

hereto as **Ex. "D"**. On February 18, 2022, the plaintiff's attorney responded to this demand, annexed hereto as **Ex. "E"**, which stated said amount was $5,000,000.

## ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET

14. Pursuant to U.S.C. § 1441(a) and § 1446(a), Uber is filing this Notice of Removal I the federal district court for the district within which the state court Complaint was filed.

15. Pursuant to U.S.C. § 1446(a), the Uber Defendants attach all process, pleadings and orders that have been filed, served or received by Uber in this action as Exhibits.

16. Pursuant to U.S.C. § 1391, venue is proper in the United State District Court for the Southern District of New York, as the Complaint in this action was filed in the Supreme Court for the State of New York, Bronx County.

17. Uber will give written notice of the filing of this Notice of Removal to all other parties and will file a copy of this Notice of Removal with the Clerk of the Supreme Court for Bronx County, as required by U.S.C. § 1446(d).

18. In removing this action, the Uber Defendant does not intend to waive any rights or defenses to which they are otherwise entitled under the Federal Rules of Civil Procedure.

19. Based upon the record submitted within this notice, this Court has jurisdiction over Plaintiff's claims and the Complaint is properly removed to this Court.

WHEREFORE, defendant Uber Technologies, Inc., respectfully requests that this action proceed in the United States District Court for the Southern District of New York, as an action properly removed from state court.

Dated: March 17, 2022
      White Plains, New York

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Janine Mastellone, Esq.
Attorneys for Defendant
UBER TECHNOLOGIES INC.,
150 East 42nd Street
New York, New York 10017
(212) 490-3000
File No.:  15422.00951


TO: TROLMAN, GLASER CORLEY & LICHTMAN, P.C.
Attorneys for Plaintiff
747 Third Avenue, 23rd Floor
New York, NY 10017
(212) 750-1200
File No. 4002001