UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

EBONY S. JERIDO                                         :        Civil Action No.: 1:22-cv-02217-KPF

                           Plaintiff,                   :        NOTICE OF MOTION

                                                        :

-against-                                               :

                                                        :

UBER TECHNOLOGIES, INC.,                                :

                           Defendants.                  :

------------------------------------------------------------X

       **PLEASE TAKE NOTICE** that upon the attached Affirmation of Michael Madonna, Esq.,

sworn to and Affirmed on April 7, 2022, counsel for plaintiff EBONY S. JERIDO  will move this

Court, Honorable Katherine Polk Failla, United States District Judge in Room 618 of the United

States Courthouse Southern District of New York, 500 Pearl Street, New York, New York 10007

on or before May 5, 2022 or soon thereafter as counsel can be heard for an Order pursuant to 28

U.S.C. § 1447(e) remanding this matter to Supreme Court of State of New York, Bronx County.

Dated:  New York, New York
       April 7, 2022

                                    TROLMAN GLASER CORLEY & LICHTMAN, P.C.

                                      Michael Madonna (2965)
                                      Attorneys for Plaintiff
                                      747 Third Avenue, 23rd floor
                                      New York, New York 10017
                                      T: (212) 750-1200
                                      F: (212) 980-4011
                                      mmadonna@tgllaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | | |
|---|---|---|
| EBONY S. JERIDO | : | Civil Action No.: 1:22-cv-02217-KPF |
| Plaintiff, | : | MEMORANDUM OF LAW |
| | : | |
| -against- | : | |
| | : | |
| UBER TECHNOLOGIES, INC., | : | |
| Defendants. | : | |

-------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF EBONY S. JERIDO'S MOTION TO REMAND**

Respectfully submitted,

TROLMAN GLASER CORLEY & LICHTMAN, P.C.

Michael Madonna (2965)
Attorneys for Plaintiff
747 Third Avenue, 23rd floor
New York, New York 10017
(212) 750-1200

1

## TABLE OF CONTENTS

                                                                                              **PAGE**

**TABLE OF AUTHORITIES**………………………………………………………… 3

**BACKGROUND FACTS**………………………………………………………... 5

**ARGUMENT**…………………………………………………………………….. 6

      **POINT I**

      **PLAINTIFF REQUESTS THIS COURT JOIN DEFENDANTS
SYNAGTAN AND VENTURE FROM THE STATE ACTION AS
DEFENDANTS IN THE INSTANT ACTION AND REMAND THE
ACTION BACK TO SUPREME COURT OF NEW YORK, BRONX
COUNTY FOR LACK OF DIVERISTY SUBJECT MATTER
JURISDICTION**…………………………………………………………….. 6

      **POINT II**

      **ALTERNATIVELY, THIS COURT SHOULD ABSTAIN FROM
EXERCISING JURISDICTION AND REMAND THIS CASE TO THE
NEW YORK COURT FOR CONSOLIDATION**…………………………... 10

**CONCLUSION**………………………………………………………………… 15

# TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE**

*Abraham Nat. Foods Corp. v. Mount Vernon Fire Ins. Co.*, 576 F.Supp.2d 421

(E.D.N.Y. 2008)……………………………………………………………………... 9,

*Am. Int'l Underwriters, Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988)………13

*American Guar. & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248

(5th Cir. 2005)…………………………………………………………………… 11

*Bernstein v. Hosiery Mfg. Corp. of Morganton, Inc*., 850 F. Supp. 176

(E.D.N.Y. 1994)…………………………………………………………………... 13

*Bull & Bear Group, Inc. v. Fuller*, 786 F.Supp. 388 (S.D.N.Y. 1992)……………………… 11

*Carter v. Dover Corp. Rotary Lift Div.*, 753 F.Supp. 577 (E.D.Pa.1991)…………………… 9

*Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976)……… 10, 14

*De Cisneros v. Younger*, 871 F.2d 305 (2d Cir. 1989)………………………………………… 13

*Deutchman v. Express Scripts, Inc.*, No. 07-CV3539, 2008 WL 3538593

(E.D.N.Y.1997)…………………………………………………………………... 8

*Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414 (E.D.N.Y. 1972)…………………… 7

*Gursky v. Nw. Mut. Life Ins. Co*., 139 F.R.D. 279 (E.D.N.Y.1991)………………………… 8

*Hunt v. Stryker Corp.*, No. 03-CV-7384, 2004 WL 502186  (S.D.N.Y. Mar. 10 2004)……. 9

*Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F.Supp.2d 821 (S.D.N.Y. 2008)……………….. 7

*Logistic Group, Inc. v. DHL Exp. (USA), Inc.*, 727 F.Supp.2d 160 (E.D.N.Y.2010)……..... 10

*Mammano v. Am. Honda Motor Co., Inc.*, 941 F.Supp. 323 (W.D.N.Y.1996)……………... 9

*McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F.Supp.2d 258  (E.D.N.Y. 2009)…………... 7, 8

*McLauglin v. United Virginia Bank*, 955 F.2d 930 (4th Cir. 1992)………………………… 11

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983)……………….... 12

*Mouchantaf v. International Modeling and Talent Assoc.*, 368 F.Supp.2d 303

(S.D.N.Y. 2005)…………………………………………………………………… 11

*Nazario v. Deere & Co.*, 295 F.Supp.2d 360 (S.D.N.Y. 2003)……………………………..· 7, 9

*Rodriguez v. Abbott Labs.*, 151 F.R.D. 529 (S.D.N.Y.1993)………………………………… 9

*Roll On Express, Inc. v. Travelers Indem. Co. of Connecticut*, No. 09-CV-213,

2009 WL 1940731 (E.D.N.Y. July 2, 2009)……………………………………..……. 7, 9

*Scottsdale Ins. Co. v. Detco Industries, Inc*., 426 F.3d 994 (8th Cir. 2005)…………………11

*Tyrer v. City of South Beloit, Ill.*, 456 F.3d 744 (7th Cir. 2006)……………………………… 11

*Treeline 990 Stewart Partners LLC v. RAIT Atria, LLC*, No. 10-Cy-5234, 2011

WL 2532873 (E.D.N.Y. June 22, 2011)……………………………………………….. 8

*Vanderzalm v. Sechrist Industries, Inc.*, 875 F.Supp.2d 179 (E.D.N.Y.2018)……… 6, 7, 8, 9,  10

*Village of Westfield, N.Y. v. Welch's*, 170 F.3d 116 (2d Cir. 1999)………………………… 11

*Wiggins & Co. v. Ampton Investments, Inc.*, 66 F. Supp.2d 549 (S.D.N.Y. 1999)…………. 10

*Young v. Simon Ladder Towers, Inc.*, 1996 WL 685753 (W.D.N.Y. Nov. 26 1996)………. 10

**Other Authorities**

James C. Rehnquist, *Taking Comity Seriously: How to Neutralize the*

*Abstention Doctrine*, 46 Stan. L. Rev. 1049 (1994)……………………………………………13

**Rules/Statutes**

28 U.S.C. § 1447(e)……………………………………………………………………….. 7, 10

Fed.R.Civ.P. 20(a)(2)………………………………………………………………….….. 7

## BACKGROUND FACTS

This is a motor vehicle accident that took place on January 2, 2018 on the roadway located at 160 East 153rd Street, Bronx, New York wherein the plaintiff, Ebony S. Jerido ("Plaintiff") had exited a vehicle operated by Shree K Syangtan ("Syangtan") and owned by Venture Leasing LLC ("Venture"). Plaintiff was removing a bag from the rear passenger seat when Syangtan proceeded to drive the car away, causing Plaintiff to be dragged by the vehicle and sustain serious personal injuries as a result. *See* a copy of Plaintiff's Verified Bill of Particulars dated May 26, 2020, annexed hereto as Exhibit "A".

Plaintiff commenced an action in Supreme Court of the State of New York, Bronx County against Syangtan and Venture on April 23, 2018 ("State Action"). *See* a copy of the Summons and Verified Complaint dated April 23, 2018, annexed hereto as Exhibit "B". Plaintiff later commenced a separate action against of Uber Technologies, Inc. ("Uber")—who Synagtan was in the employ of at the time of the accident—in Supreme Court of New York, Bronx County on February 2, 2021 ("Instant Action"). *See* a copy of the Summons and Verified Complaint dated February 2, 2021 annexed hereto as Exhibit "C". On May 14, 2021, Uber moved to dismiss the Complaint, alleging the action was time barred by the statute of limitations. On May 17, 2021, Plaintiff filed an Amended Complaint. *See* a copy of the Amended Complaint, annexed as Exhibit "D". On November 29, 2021, the Supreme Court of New York, Bronx County denied Uber's motion, finding the Instant Action was timely commenced based on Governor Cuomo's Order that extended statutes of limitations during its effective dates. *See* a copy of the November 29, 2021 Order with Notice of Entry annexed hereto as Exhibit "E". Uber served its Verified Answer on December 29, 2021. *See* a copy of Uber's Verified Answer, annexed hereto as Exhibit "F".

Plaintiff's counsel notified counsel for Uber of the State Action and requested a Stipulation be executed to consolidate the two actions.  On February 9, 2022, the Stipulation to consolidate the two actions was sent to counsel for Uber by email.  *See* a copy of Plaintiff's Counsel's Email dated February 9, 2022, annexed hereto as Exhibit "G"; *see also* a copy of the Stipulation to Consolidate, annexed hereto as Exhibit "H".

On March 21, 2022, Uber filed a Notice of Removal, making no mention therein of the State Action or Plaintiff's intention to consolidate these two actions, which would eliminate diversity subject matter jurisdiction for this Court. See a copy of the Notice of Removal dated March 21, 2022, annexed as Exhibit "IEXHIBIT".

## ARGUMENT

### POINT I

**PLAINTIFF REQUESTS THIS COURT JOIN DEFENDANTS SYNAGTAN AND VENTURE FROM THE STATE ACTION AS DEFENDANTS IN THE INSTANT ACTION AND REMAND THE ACTION BACK TO SUPREME COURT OF NEW YORK, BRONX COUNTY FOR LACK OF DIVERISTY SUBJECT MATTER JURISDICTION**

In *Vanderzalm v. Sechrist Industries, Inc.*, after the plaintiff had commenced a medical malpractice action involving personal injuries arising from the use of hyperbaric oxygen therapy, the plaintiff commenced a second action sounding in products liability against the manufacturer of the machine that administered the therapy. *Vanderzalm v. Sechrist Industries, Inc.*, 875 F.Supp.2d 179, 181, (E.D.N.Y.2018).  Similar to the instant action, in *Vanderzalm*, the defendant manufacturer removed the case to federal court prior to the plaintiff moving to consolidate the two actions. *Id*. at 181-182.  The plaintiff then moved to remand the products liability action back to Supreme Court of New York pursuant to 28 U.S.C. § 1447(e), for lack of diversity subject matter

jurisdiction. *Id.* at 182.  The Court construed plaintiff's motion to remand as a motion to join the defendants from the medical malpractice action pursuant to 28 U.S.C. § 1447(e).

The Court pointed out that "Section 1447(e) provides that '[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the action to the State court.'" *Id.* at 183 (*citing* 28 U.S.C. § 1447(e).  This involves a two-prong analysis.  "First, the Court must evaluate whether the joinder of an additional defendant is permissible under Federal Rule of Civil Procedure 20(a)(2) ('Rule 20(a)(2)')." *Id.* (*citing Nazario v. Deere & Co.*, 295 F.Supp.2d 360, 363 (S.D.N.Y. 2003).  Next, the Court must "conduct a 'fundamental fairness' analysis in order to 'ascertain whether the balancing of certain relevant considerations weighs in favor of joinder and its necessarily attendant remand.'" *Id.* (*citing McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F.Supp.2d 258,262 (E.D.N.Y. 2009) (*quoting Roll On Express, Inc. v. Travelers Indem. Co. of Connecticut*, No. 09-CV-213, 2009 WL 1940731, at 1 (E.D.N.Y. July 2, 2009) (alteration omitted)).

The first prong of this analysis is satisfied in the instant action.  Rule 20 "permits joinder of defendants in a single action if there is asserted against them any right to relief arising out of 'the same transaction, occurrence, or series of transactions or occurrences' and involving 'any question of law or fact common to all defendants.'" *Id.* (*citing* Fed.R.Civ.P. 20(a)(2)).  The purpose of this rule is "to promote 'trial convenience and to expedite the final determination of disputes.'" *Id.* (*citing Fair Hous. Dev. Fund Corp. v. Burke*, 55 F.R.D. 414, 422 (E.D.N.Y. 1972); *Kehr v. Yamaha Motor Corp., U.S.A.*, 596 F.Supp.2d 821, 826 (S.D.N.Y. 2008)).  As all of the claims sound in negligence arising from injuries sustained by Plaintiff from the same occurrence—that being a motor vehicle accident—Rule 20 is satisfied in the instant matter.

The second prong of this analysis likewise weighs in favor of joinder and remand. To determine if granting of such relief conforms with "principles of fundamental fairness," the following factors must be considered: "(1) any delay, and [the plaintiff's] reasons, in moving to amend, (2) any resulting prejudice to the defendants, (3) the likelihood of multiple litigation, and (4) the plaintiff's motivation in moving to amend." *Gursky v. Nw. Mut. Life Ins. Co.*, 139 F.R.D. 279, 280 (E.D.N.Y.1991) (internal citations omitted). "Diversity-destroying joinder is permitted when the factors weigh in the moving party's favor." *Vanderzalm v. Sechrist Industries, Inc.*, 875 F.Supp.2d at 184.

"[W]ith respect to the first factor, the only delay that is relevant to joinder considerations is the time between the removal of the case and the Plaintiff's motion for joinder or remand. *Id.* (*citing Deutchman v. Express Scripts, Inc.*, No. 07-CV3539, 2008 WL 3538593, at *3 (E.D.N.Y.1997)). Plaintiff received the Notice of Removal on March 21, 2022 and is submitting this motion on April 5, 2022. Thus, the limited delay of two weeks weighs in favor of granting the instant motion. *See id.* (*citing Treeline 990 Stewart Partners LLC v. RAIT Atria, LLC*, No. 10-Cy-5234, 2011 WL 2532873, at *3 (E.D.N.Y. June 22, 2011) (Holding the time period of two weeks between Notice of Removal and a motion to remand does not qualify as a delay and weighs in favor of permitting joinder.); *McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F.Supp.2d at 263 (Two weeks does not qualify as a delay and therefore joinder is permissible).

Here, any analysis about Plaintiff's motivation to join the parties and remand to state court should weigh in favor of Plaintiff because Plaintiff's intent "is not to waste additional judicial resources and prejudice all the parties by having a case arising out of the same alleged incident, for which the defendants may be jointly, severally, or alternatively liable, litigated in two separate actions." *Vanderzalm v. Sechrist Industries, Inc.*, 875 F.Supp.2d at 185 (*citing Hunt v. Stryker*

*Corp.*, No. 03-CV-7384, 2004 WL 502186, at *3 (S.D.N.Y. Mar. 10 2004); *Rodriguez v. Abbott Labs.*, 151 F.R.D. 529, 533 (S.D.N.Y.1993)).

As "[t]his case is still in preliminary stages . . . the 'potential for additional discovery alone' is insufficient to construe prejudice." *Id.* (*citing Roll On Express, Inc. v. Travelers Indem. Co. of Connecticut*, 2009 WL 1940731, at *2-3; *Nazario v. Deere & Co.*, 295 F.Supp.2d at 364; *Abraham Nat. Foods Corp. v. Mount Vernon Fire Ins. Co.*, 576 F.Supp.2d 421, 425 (E.D.N.Y. 2008)).

Moreover, "if the cases are not consolidated on remand, [Synagtan and Venture] may be forced to defend themselves in two separate actions, and exposing [them] to inconsistent liability" and Plaintiff will be forced to prosecute two actions arising from the same motor vehicle accident, likewise potentially resulting in inconsistent liability. *Vanderzalm v. Sechrist Industries, Inc.*, 875 F.Supp.2d at 185. Because there is no prejudice to Uber in consolidating the State Action with the Instant Action in state court, this factor weighs in favor of granting Plaintiff's instant motion. *See id.*

Next, this Court must assess if "denying joinder will result in two parallel litigations—one in state court and one in federal court." *Id.* at 186. "Where, as here, the cases arise from the same transaction and are governed by the same state law, courts generally find that this factor weighs in favor of remand in the interest of judicial economy." *Id.* (*citing Mammano v. Am. Honda Motor Co., Inc.*, 941 F.Supp. 323, 325 (W.D.N.Y.1996); *Carter v. Dover Corp. Rotary Lift Div.*, 753 F.Supp. 577, 580 (E.D.Pa.1991)). Moreover, based on New York state law, a motion to consolidate two actions with this factual and legal scenario will be granted as a matter of course so there is no reasonable basis to believe that these actions will not be consolidated if remanded back to state court, "joinder followed by remand could allow the Plaintiff[] to resolve all of their claims relating to their injuries in a single action and avoid the specter of inconsistent judgments.

Therefore, remand here would promote judicial efficiency by preventing redundant discovery and witness testimony at two separate trials." *Id*. at 186-197 (*citing Young v. Simon Ladder Towers, Inc.*, 1996 WL 685753, at *3 (W.D.N.Y. Nov. 26 1996)).

Joinder is only to be precluded on fraudulent joinder grounds "where state case law or legislation removes all reasonable possibility that the plaintiff would be permitted to litigate the claim." *Id*. at 187 (*citing Logistic Group, Inc. v. DHL Exp. (USA), Inc.*, 727 F.Supp.2d 160, 165 (E.D.N.Y.2010)).  Clearly, Plaintiff has not sought consolidation of these two actions "solely to circumvent federal jurisdiction, but rather to avoid multiple litigations" as Plaintiff sought consolidation before Uber removed the matter to federal court and Uber was well aware of Plaintiff's intention to consolidate the Instant Action with the State Action at the time of filing the Notice of Removal. *See id*. at 188-189.  Accordingly, this matter should be remanded back to Supreme Court of New York, Bronx County pursuant to § 1447(e). *Id*. at 189.

### POINT II

### ALTERNATIVELY, THIS COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION AND REMAND THIS CASE TO THE NEW YORK COURT FOR CONSOLIDATION

It is respectfully submitted that the *Colorado River* abstention doctrine is satisfied in the instant matter. A District Court has "the discretion to abstain from exercising jurisdiction over an action where a concurrent state proceeding is pending. . . ." *Wiggins & Co. v. Ampton Investments, Inc.*, 66 F. Supp.2d 549, 551 (S.D.N.Y. 1999) (Holding abstention was appropriate in favor of pending state court litigation in order to avoid piecemeal litigation.) (*citing Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, (1976)).  The *Colorado River* abstention doctrine provides for the "considerations of wise judicial administration, giving regard to

conservation of judicial resources and comprehensive disposition of litigation.'" *Mouchantaf v. International Modeling and Talent Assoc.*, 368 F.Supp.2d 303, 305 (S.D.N.Y. 2005). "[I]f a district court has the power to dismiss an action on the grounds of abstention it has the same power to remand to the state court on those grounds. By remanding, the Court can transfer this case back to state court for consolidated treatment . . . allowing joint treatment of all the remaining issues in this case and eliminating the risk of inconsistent results." *Bull & Bear Group, Inc. v. Fuller*, 786 F.Supp. 388, 393 (S.D.N.Y. 1992) (citation and internal quotation marks omitted).

The *Colorado River* abstention doctrine is applicable in instances like the present matter, where the same parties are litigating the same issues in both state and federal court. *McLauglin v. United Virginia Bank*, 955 F.2d 930 (4th Cir. 1992); *American Guar. & Liability Ins. Co. v. Anco Insulations, Inc.*, 408 F.3d 248 (5th Cir. 2005); *Tyrer v. City of South Beloit, Ill.*, 456 F.3d 744 (7th Cir. 2006); *Scottsdale Ins. Co. v. Detco Industries, Inc.*, 426 F.3d 994 (8th Cir. 2005).

It is respectfully submitted that this Court should also abstain from exercising further jurisdiction over the Instant Action because proceeding with the Instant Action and State Action in separate courts will inevitably lead to excessive and piecemeal litigation, while the New York Court can adequately protect all parties' rights. Under the Colorado River doctrine, an analysis of six factors determines whether abstention is appropriate: "(1) assumption of jurisdiction over a *res*; (2) inconvenience of the forum; (3) avoidance of piecemeal litigation; (4) order in which the actions were filed; (5) the law that provides the rule of the decision; and (6) protection of the federal plaintiff's rights [i.e., the rights of the party choosing the Federal forum]." *Bull & Bear Group, Inc. v. Fuller*, 786 F.Supp. at 392, (*citing De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989). "No single factor is necessarily decisive, and the weight to be given to any one factor may vary greatly from case to case." *Village of Westfield, N.Y. v. Welch's*, 170 F.3d 116, 121 (2d

Cir. 1999) (citations and internal quotation marks omitted).  A decision to abstain does not require the presence of all of the factors, which instead should be assessed "in a pragmatic, flexible manner with a view to the realities of the case at hand*." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 21 (1983).   In the Instant Action, the factors weigh in favor of abstention in favor or jurisdiction by the Supreme Court of New York, Bronx County, and therefore Plaintiff's instant motion should be granted.

All *Colorado River* elements apply here such that this Court should decline to exercise further jurisdiction over the matter. There is a concurrent state proceeding in Supreme Court of New York, Bronx County pending arising from the same occurrence. A cursory examination of the operative pleadings in both the State and the Instant Action reveals that these matters are parallel and arise from the same motor vehicle accident, involving substantially identical claims, raising nearly identical allegations and issues, seeking the same remedies, through the same laws, with the same Plaintiff. *See* Exhibit B *cf*. Exhibit D.  Both cases call into question the parties' liability in the motor vehicle accident that occurred on January 2, 2018 that caused Plaintiff serious personal injuries.  Discovery will be the same in both matters, expert testimony will be duplicative in both matters.  Accordingly, this Court should abstain from exercising jurisdiction when Supreme Court of New York, Bronx County is equipped to handle the entire controversy.

Moreover, this Court should abstain from exercising further jurisdiction over the Instant Action because proceeding with these matters in separate courts will inevitably lead to excessive and piecemeal litigation, while the Supreme Court of New York, Bronx County can adequately protect all parties' rights.  The *third Colorado River* factor, the desirability of avoiding piecemeal litigation, therefore weighs heavily in favor of abstention.  This factor is the most important factor to be considered with regard to this case. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr.*

*Corp.*, 460 U.S. 1, 21 (1983) (In performing a *Colorado River* analysis, the danger of piecemeal litigation was the principal factor cited by the Supreme Court in approving dismissal of the action by the district court); *Bernstein v. Hosiery Mfg. Corp. of Morganton, Inc.*, 850 F. Supp. 176 (E.D.N.Y. 1994) (Danger of piecemeal litigation weighed heavily in favor of abstention from exercise of federal jurisdiction.).  The central concern behind this consideration is the potential for inconsistent dispositions which could breed further litigation on claim and issue preclusion. *See De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989).  Proceeding with these parallel matters in different courts will inevitably lead to excessive piecemeal litigation that could easily be avoided.

Piecemeal litigation occurs when different tribunals consider the same issues, thereby duplicating efforts and possibly reaching different results.  *Am. Int'l Underwriters, Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988).  Here, the parties are litigating liability and injuries arising from the same motor vehicle accident.  The factual and legal issues in these cases are virtually indistinguishable.  Allowing both cases to proceed in separate courts creates duplicative and wasteful litigation with the potential of inconsistent resolutions.  The pending State Action is likely to resolve state-law questions underlying the federal claim. The State Action pending in New York Court contains all of the causes of action arising under New York law that are found in the Instant Action.  Given the nature of Plaintiff's claims, this Court will be called upon to interpret New York State law.  There is a serious risk that inconsistent judgments will be reached if both Court adjudicate the parallel cases and an inevitable waste of judicial resources.

Ideally, the litigation should proceed in only one court, which could only be Supreme Court of New York, Bronx County and not in both jurisdictions simultaneously. *See* James C. Rehnquist, Taking Comity Seriously: How to Neutralize the Abstention Doctrine, 46 Stan. L. Rev. 1049

(1994) (arguing that federal courts should follow the "first to file" rule and the court which acquires jurisdiction first should decide the matter).  Under the fourth *Colorado River* factor—the relevant order in which the court obtained jurisdiction and the progress achieved in each action—if a state court obtains jurisdiction of a case before a federal court obtains jurisdiction of a parallel case, abstention is appropriate. *See Colorado River*, 424 U.S. at 818.  Here, the State Action was commenced first, on April 23, 2018, and the Instant Action, was filed after the State Action, on February 2, 2021.  Both actions were filed in Supreme Court of New York, Bronx Count.  *See* Exhibit B; Exhibit D.  Judicial administration would then dictate deference in favor of the New York Court. The fourth factor weighs in favor of abstention and remand.

The fifth *Colorado River* factor—whether state law or federal law provides the rule of decision on the merits—weighs in favor of abstention and remand as both the Instant Action and the State Action allege causes of action under New York law.  Accordingly, Supreme Court of New York is the more appropriate forum for litigating these claims.

The Court should abstain from exercising jurisdiction because the Supreme Court of the State of New York can protect each party's rights just as well as this Court. The sixth Colorado River factor—the adequacy of the state forum to protect the parties' rights—supports abstention in this matter.  Nothing indicates that Uber's rights would not be protected in the New York Court. All of Uber's defenses are available to it in the Supreme Court of New York and the Supreme Court of New York is in a position to fully decide the core issues among the parties—all of which involve New York law—and fashion appropriate and complete relief.  As the Supreme Court of New York, Bronx County is able to determine all of the dispositive issues, this factor weighs in favor of abstention and remand.  Moreover, as the Instant Matter will be consolidated with the State Action, Uber cannot claim prejudice by litigating in the Supreme court of New York as

diversity will no longer exist between the parties once the actions are consolidated—as Plaintiff made known she fully intended to do before removal.

Aside from the factors discussed above, the remainder of the *Colorado River* factors are insignificant in this matter. The first factor—whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others—is not relevant here.  The second factor—inconvenience of the forum is likewise irrelevant because Supreme Court of New York is not an inconvenient forum as Uber conducts business in New York.

<u>CONCLUSION</u>

These Actions both belong in the same Court.  Proceeding in two courts—which has only occurred due to Uber's frivolous litigation tactic is wasteful—and will result in piecemeal litigation with different results in each Court. Uber was well aware of Plaintiff's intention to consolidate the matters and therefore removed this matter with the knowledge that diversity subject matter jurisdiction will not exist in this case, but nonetheless chose to waste judicial resources in removing the Instant Action.  To avoid any further delays in litigation and additional wasting of resources, it is respectfully submitted that Plaintiff's motion should be granted and this matter should be remanded back to Supreme Court, Bronx County.

Dated:  New York, New York
        April 7, 2022

TROLMAN GLASER CORLEY & LICHTMAN, P.C.

Michael Madonna (2965)
Attorneys for Plaintiff
747 Third Avenue, 23rd floor
New York, New York 10017
(212) 750-1200

15