

April 15, 2022

**Janine Mastellone**
(914) 872-7230 – Direct
(914) 323-7001- Fax
Janine.Mastellone@wilsonelser.com

*Via ECF & Email*
*Failla_NYSDChambers@nysd.uscourts.gov*
Hon. Katherine Polk Failla
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 618
New York, NY 10007

|              |   |                                          |
|--------------|---|------------------------------------------|
| Matter       | : | *Ebony S. Jerido v. Uber Technologies, Inc.* |
| <u>Case No.</u> | : | <u>1:22-cv-02217-KPF</u>                  |

Dear Hon. Polk Failla:

Our office represents Uber Technologies, Inc., in the above referenced matter.

This action was removed from the Supreme Court of the State of New York, Bronx County, on March 21, 2022, on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Defendant Uber Technologies, Inc. ("Uber"), is incorporated in Delaware and has a principal place of business in California. Plaintiff Ebony S. Jerido ("Plaintiff") is a resident of New York State. The amount in controversy exceeds $75,000, as Plaintiff made a settlement demand of $5,000,000. As such, Uber's removal was proper.

Plaintiff seeks a discretionary remand 28 U.S.C. § 1447(e) to consolidate the present matter with a separate action, pending in State Court, brought against driver Syangtan and Venture Leasing. While these defendants would destroy diversity, removal does not fall under the scope of this statute under a literal reading of the text. Plaintiff does not want to join Mr. Syangtan and Venture Leasing to this current lawsuit. Instead, Plaintiff seeks a remand to consolidate the two cases and thus, the statute does not compel remand. *Linzy v Uber Tech., Inc.,* 2022 US Dist LEXIS 22524 [SDNY Feb. 8, 2022, No. 21-cv-5097 (AJN)].

Of note, Plaintiff filed a summons and complaint against Syangtan and Venture Leasing, LLC, on April 23, 2018 in New York Supreme Court, Bronx County. Uber was not named in this Complaint. Rather than bring Uber into the existing lawsuit, on February 2, 2021, Plaintiff filed a Complaint in New York Supreme Court, Bronx County, naming Uber as the only defendant. Plaintiff could have avoided this predicament by (1) naming Uber as a defendant in the first action, or (2) bringing a lawsuit against Uber prior and consolidating the two actions, prior to February 2, 2021.

150 East 42nd Street • New York, NY 10017 • p 212.490.3000 • f 212.490.3038

Alabama • Albany • Atlanta • Austin • Baltimore • Beaumont • Boston • Chicago • Dallas • Denver • Edwardsville • Garden City • Hartford • Houston
Indiana • Kentucky • Las Vegas • London • Los Angeles • Miami • Michigan • Milwaukee • Mississippi • Missouri • Nashville • New Jersey • New Orleans
New York • Orlando • Philadelphia • Phoenix • San Diego • San Francisco • Sarasota • Stamford • Virginia • Washington, DC • Wellington • White Plains

wilsonelser.com

256466245v.1







- 2 -

While either of those options would have effectively blocked Uber's current removal, the current situation likewise does not compel a discretionary remand. See *McDermott Inc. v. Indus. Risk Insurers et al.,* Civ.A.03-402, 2003 WL 21362330, at *6 (E.D. La. June 10, 2003) (denying remand when "[p]laintiff created [the] situation by filing separate state court action against a diverse defendant after it had already filed a non-removable suit, arising out of the same factual occurrence, against other defendants" and finding no reason to deprive the defendant "of the federal forum allowed it by the removal statute" because plaintiff "offered no satisfactory explanations for" its failure to move to consolidate before removal).

Lastly, Courts have rejected remanding an action when the claims and allegations in two cases are "qualitatively different." *See, e.g., Koch v. Pechota*, 10-cv-9152, 2012 WL 2402577, at *5 (S.D.N.Y. June 26, 2012); *see also Gissim, Inc. v. Scottsdale Ins. Co.,* 16-cv-3306, 2016 WL 7413488, at *2-3 (E.D.N.Y. Dec. 22, 2016) (denying remand when diversity jurisdiction requirements were met, plaintiff did not seek to join a diversity-destroying defendant, and the existence of "qualitatively different" claims reduced interest in efficiency such that it did not outweigh statutory right to a federal forum). Vicarious liability allegations brought against Uber are vastly different than causes of action brought against Syangtan and Venture Leasing.

As a result, Plaintiff's personal desire to consolidate the two actions does not outweigh Uber's statutory right to remove this matter to Federal Court.  Uber reserves all rights to make additional arguments to plaintiff's motion.

Uber is not currently in a position to file a Case Management Plan in light of Plaintiff's contemplated motion. As such, Uber respectfully requests that the Court convert the Initial Pre-Trial Conference into a Pre-Motion Conference to discuss Plaintiff's Motion.  Thank you.

    Respectfully submitted,

    WILSON ELSER MOSKOWITZ EDELMAN
    & DICKER LLP

       *Janine Mastellone*     .
    Janine Mastellone, Esq.

256466245v.1