# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| EBONY S. JERIDO, | ) | |
| *Plaintiff,* | ) | |
| v. | ) | |
| UBER TECHNOLOGIES, INC., | ) | |
| *Defendant.* | ) | 1:22-cv-02217 |

## OPPOSITION TO MOTION FOR REMAND

DEFENDANT,
UBER TECHNOLOGIES, INC.
Coughlin Betke LLP
1330 Avenue of the Americas
Suite 23A
New York, NY 10019
212-653-0380
aferguson@coughlinbetke.com
Monday, May 23, 2022

# TABLE OF CONTENTS

I. Background .................................................................................................. 3

II. Legal Standards ......................................................................................... 4

A. Necessary and permissive joinder .......................................................... 4

B. Joinder and remand ................................................................................. 4

C. Fraudulent joinder ................................................................................... 5

D. *Colorado River* abstention .................................................................... 5

III. Argument ................................................................................................. 6

A. Uber's removal was proper ...................................................................... 7

B. The defendants to *Jerido I* are not necessary parties and should not be
permissively joined. .................................................................................... 7

    1. The defendants to *Jerido I* are not necessary parties under Rule 19 because
    a judgment in *Jerido II* would not adversely affect them. ............................ 7

    2. The defendants *Jerido I* should not be permissively joined under Rule 20 in
    *Jerido II*  because there is no question of law common to them all. .............. 8

C. Joinder and remand will not comport with fundamental fairness. ....................... 9

    1. Plaintiff unduly delayed 429 days from the filing of the instant suit in
    seeking joinder. ............................................................................................ 9

    2. Joinder would prejudice diverse party Uber by depriving it of its choice of
    forum, further delaying the adjudication of the merits of this case, and
    impeding its ability to develop its defense. .................................................. 10

    3. *Jerido I* and *II* are not so related that denying joinder would undermine
    judicial economy, joinder would stall and disrupt *Jerido I*, and the plaintiff,
    not Uber, opted for multiple litigation .......................................................... 11

    4. Plaintiff's principal desire in seeking joinder to destroy federal diversity
    jurisdiction is an impermissible motive ........................................................ 14

D. Fraudulent joinder of the *Jerido I* defendants and remand would subject *Jerido II* to dismissal under the prior pending action doctrine ......................................... 17

E. The Court should not abstain from its exercise of jurisdiction ......................... 19

　　1. *Jerido I* and this case are not parallel ....................................................... 20

　　　　*i.* The Bronx Supreme Court's adjudication of the plaintiff's claims in *Jerido I* will not resolve the instant lawsuit. ..................................... 20

　　　　*ii. Jerido I* is not parallel to this case because it involves a different set of parties and a different set of issues. .............................................. 21

　　2. In any event, the *Colorado River* factors *Jerido I* militate against abstention ..................................................................................................... 21

　　　　*i.* The absence of jurisdiction by either court over property weighs against abstention. ............................................................................. 21

　　　　*ii.* The federal forum is more convenient for Uber and equally convenient for the plaintiff. ................................................................ 22

　　　　*iii. Jerido I* poses no risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel. ............................ 22

　　　　*iv. Jerido I* has not progressed further than this lawsuit. .................. 23

　　　　*v.* There are no novel or complex issues of law in this case. ............. 24

　　　　*vi.* This Court can equally construe applicable law and protect Uber's rights. .............................................................................................. 24

IV. Conclusion ...................................................................................................... 24

# TABLE OF AUTHORITIES

**Cases**

*A. L. Smith Iron Co. v. Dickson*, 141 F.2d 3 (2d Cir. 1944) ....................................8

*Allied Programs Corp. v. Puritan Ins. Co.*, 592 F.Supp. 1274, 1276 (S.D.N.Y. 1984) ...............................................................................................................18

*Caldwell Mfg. Co. v. Unique Balance C*o., 18 F.R.D. 258 (S.D.N.Y. 1955) ...........8

*Cherico, Cherico & Assoc. v Midollo*, 67 A.D.3d 622, 622-623 (2 Dept. 2009) ..19

*Colon v. Gold*, 166 A.D.2d 406, 407 (2d Dept. 1990) ............................................18

*Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 817 (1976). ...... 5, 6, 20

*Core-Mark Int'l Corp. v. Commonwealth Ins. Co.*, 2005 U.S. Dist. LEXIS 14312,(S.D.N.Y. July 19, 2005) (Pauley, J.) .......................................................15

*Deutchman v. Express Scripts, Inc.,* 2008 U.S. Dist. LEXIS 61111, at *10 (E.D.N.Y. Aug. 11, 2008) (Irizarry, J.) ..................................................13

*Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998). ...............................6

*Fernandez v. City of New York*, 2017 U.S. Dist. LEXIS 105574, 2017 WL 2894144, at *2 (S.D.N.Y. July 7, 2017) (Netburn, J.) ........................................6

*Grant v. Johnson & Johnson*, 2017 U.S. Dist. LEXIS 214078, 2017 WL 6812035, at *3 (S.D.N.Y. Dec. 19, 2017) (Daniels, J.) .....................................................14

*Jerido v. Syangtan et al.,* Index No. 24667/2018E (Bx. Sup. Ct.) ...........................1

*Kahn v. Avnet, Inc.,* 1983 U.S. Dist. LEXIS 17876 (S.D.N.Y. 1983) .....................18

*Kirby McInerney LLP v. Lee Med., Inc.,* 2017 U.S. Dist. LEXIS 171450, 2017 WL 4685101, at *3 (S.D.N.Y. Oct. 16, 2017) (Forrest, J.) .........................................21

*Kurtz v. Uber Techs., Inc.,* 2021 U.S. Dist. LEXIS 199503, at *15 (S.D.N.Y. Oct. 13, 2021) (Englemayer, J.) ...................................................... 1, 11, 14

*Lebetkin v. Giray*, 2018 U.S. Dist. LEXIS 184072, at *4 (S.D.N.Y. Oct. 26, 2018) (Cote, J.) ........................................................................................... 10, 12, 15

*Lederman v. Marriott Corp.*, 834 F. Supp. 112, 115 (S.D.N.Y. 1993) (Broderick, J.) .........................................................................................................15

*Liebert v. TIAA-CREF*, 34 A.D.3d 756, 757 (2d Dept. 2006) ................................19

*Linzy v. Uber Techs., Inc.*, 2022 U.S. Dist. LEXIS 22524, at *11 (S.D.N.Y. Feb. 8, 2022) (Nathan, J.) .................................................... 1, 3, 7, 9, 11, 13, 14

*Linzy v. Uber Techs., Inc.*, 2022 U.S. Dist. LEXIS 69999, at *10 (S.D.N.Y. Apr. 14, 2022) (Aaron, J.) .................................................... 1, 10, 12, 13, 16

*Linzy v. Uber Techs., Inc*., 2022 U.S. Dist. LEXIS 88876 (S.D.N.Y., May 17, 2022) (Ramos, J.) ...............................................................................................1

*Media America. Inc.  v. Rudnick*, 156 A.D.2d 174, 174 (1st Dep't 1989) .............18

*Mississippi Valley Barge Line Co. v. Bulk Carriers, Ltd*., 249 F.Supp. 743 (S.D.N.Y. 1965) ...................................................................................................18

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22-23, 25-27 (1983)................................................................................................................ 6, 23

*Mraz v. JPMorgan Chase Bank, N.A.*, 2018 U.S. Dist. LEXIS 75217, at *9 (E.D.N.Y. May 3, 2018) (Glasser, J.)................................................................... 5, 17

*Nazario v. Deere & Co.,* 295 F. Supp. 2d 360, 363 (S.D.N.Y. Dec. 17, 2003) (Buchwald, J.)........................................................ 4, 10, 11, 12, 14, 15, 16, 17

*Nnaji v. Guzman Fernandez*, 2021 U.S. Dist. LEXIS 112047, 2021 WL 2433850 (S.D.N.Y. June 15, 2021) (Failla, J.).......................................................................13

*Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998) .......... 5, 17

*Reliability Inc. v. Doki*, 2021 U.S. Dist. LEXIS 146050, at *31-33 (S.D.N.Y. Aug. 4, 2021) (Failla, J.)............................................................................... 6, 20, 21

*Reliability Inc. v. Doki*, 2021 U.S. Dist. LEXIS 146050, at *33 (S.D.N.Y. Aug. 4, 2021) (Failla, J.)..........................................................................................20

*Rivera v. Red Robin*, 2020 U.S. Dist. LEXIS 58734, at *2-3 (S.D.N.Y. Apr. 2, 2020) (Oetken, J.). ............................................................................... 14, 15

Se*neca Specialty Ins. Co. v T.B.D. Capital, LLC*, 143 A.D.3d 971, 972 (2d Dept. 2016) ................................................................................................... 19, 22

*Shields v. Murdoch*, 891 F. Supp. 2d 567, 577 (S.D.N.Y. 2012) (Gardephe, J.) ....20

*Vanderzalm v. Sechrist Industries, Inc*., 875 F.Supp.2d 179, 181, (E.D.N.Y.2018) (Spatt, J.)...........................................................................................................23

*Village of Westfield v. Welch's*, 170 F.3d 116, 124 (2d Cir. 1999) ........................24

*Whitaker v. American Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001)....................17

*Wiggin & Co. v. Ampton Invs., Inc*., 66 F. Supp. 2d 549, 554 (S.D.N.Y. 1999).....24

*Woodford v. Cmty. Action Agency of Greene Cty., Inc.,* 239 F.3d 517, 522-23 (2d Cir. 2001)................................................................................. 6, 22, 23, 24

## Statutes

28 U.S.C. § 1332(a)(1)............................................................................................ 7, 20

28 U.S.C. § 1441(a) .......................................................................................................7

28 U.S.C. § 1446(b) .......................................................................................................7

28 U.S.C. § 1447(e) ...................................................................... 1, 4, 11, 13, 16

## Rules

CPLR 3211(a)(4)...................................................................................................... 22, 23

F.R.C.P. 19(a)(1)(A) ................................................................................................. 8, 12

F.R.C.P. 20(a)(2).......................................................................................................... 8, 13

Fed.R.Civ.P. Rule 12 and 13.......................................................................................22

Notes of Advisory Committee on Rules—1966 Amendment .................................12

to Fed.R.Civ.P. Rule 12 and 13 ................................................................................22

**OPPOSITION TO MOTION FOR REMAND**

The plaintiff, Ebony Jerido's "desire to consolidate the case in state court does not outweigh Uber's statutory right to removal in this case." *Linzy v. Uber Techs., Inc.*, 2022 U.S. Dist. LEXIS 22524, at *11 (S.D.N.Y. Feb. 8, 2022) (Nathan, J.) (denying motion for remand under 28 § U.S.C. 1447(e)); *see also Kurtz v. Uber Techs., Inc.,* 2021 U.S. Dist. LEXIS 199503, at *15 (S.D.N.Y. Oct. 13, 2021) (Englemayer, J.) ("the Court's judgment is that the efficiencies gained by a common forum do not outweigh Uber's statutory right to a federal forum"); *Linzy v. Uber Techs., Inc.*, 2022 U.S. Dist. LEXIS 69999, at *10 (S.D.N.Y. Apr. 14, 2022) (Aaron, J.) (same), *adopted by Linzy v. Uber Techs., Inc*., 2022 U.S. Dist. LEXIS 88876 (S.D.N.Y., May 17, 2022) (Ramos, J.). Her motion for a remand under 28 U.S.C. § 1447(e) should be denied.

Only after the defendant Uber Technologies, Inc. ("Uber") properly removed this case did the plaintiff move for joinder of the non-diverse defendants in her pending case in state court, *Jerido v. Syangtan et al.,* Index No. 24667/2018E (Bx. Sup. Ct.) ("*Jerido I*") to this matter ("*Jerido II*") and remand under 28 U.S.C. 1447(e). Dkt. # 9 at 7. The plaintiff did not seek leave to amend her non-removable complaint in *Jerido I* to add Uber as a defendant during the four years it has been pending. The plaintiff did not attempt to move for consolidation of *Jerido I* and *Jerido II* during the 14 months prior to removal.

1

Only now, after Uber has properly removed this case, does the plaintiff insist that the parties to *Jerido I* are subject to necessary and permissive joinder. The *Jerido I* defendants are not necessary parties where a judgment in *Jerido II* would not adversely affect them, nor should they be permissively joined where there is no question of law is common to all the defendants.

Further, joinder and remand would not comport with fundamental fairness. Here, the plaintiff unduly delayed seeking joinder of the *Jerido I* defendants for 429 days after the filing of this lawsuit. If granted, joinder and permissive remand would prejudice Uber by depriving it of its choice of forum, delaying the adjudication of the merits, and impeding its ability to develop its defense. Joinder would disrupt *Jerido I*, even though the plaintiff, not Uber, opted for multiple litigation. It is apparent that Plaintiff's principal desire in seeking joinder is to destroy federal diversity jurisdiction. However, this is an impermissible motive.

Indeed, under the doctrine of fraudulent joinder, the non-diverse *Jerido I* defendants should be disregarded by this Court, as there is no possibility the plaintiff can state a cause of action against those *Jerido I* defendants that would not be subject to dismissal under the prior pending action doctrine.

Finally, the Court should not abstain from its exercise of jurisdiction where the adjudication of *Jerido I* will not resolve the instant lawsuit, which involves a different set of parties and a different set of issues. Even if this case were parallel to

*Jerido I*, all of the *Colorado River* abstention factors here militate against abstention. As such, the motion for remand should be denied.

## I. BACKGROUND

On April 23, 2018, the plaintiff commenced *Jerido I* in the Supreme Court of the State of New York, County of Bronx, against driver Syangtan and the owner of the vehicle Syangtan was driving at the time of the accident—Venture Leasing, LLC. Dkt. # 9-2.

On February 2, 2021, the plaintiff commenced the current action [*Jerido II*] against Uber in the Supreme Court of the State of New York, County of Bronx. Dkt. # 9-3. On December 29, 2021, Uber filed its answer. Dkt. # 9-6.

"[Jerido] never moved in state court to consolidate the two actions. Instead, on [February 9, 2022], Jerido sent a proposed stipulation to Uber for purposes of consolidating [*Jerido I*] and [*Jerido II.*]" *Linzy,* 2022 U.S. Dist. LEXIS 22524, at *3 (denying motion for remand). Of note, **none** of the defendants in *Jerido I* had signed the proposed stipulation–*see* Dkt. # 9-7, 9-8, and there is no evidence in the record they ever even agreed to it.

On February 18, 2022, the plaintiff conveyed a demand to Uber of $ 5 million dollars. On March 17, 2022, Uber timely removed *Jerido II* to this Court based on diversity jurisdiction. Dkt. # 1-1; *see also Linzy,* 2022 U.S. Dist. LEXIS 22524, at *2. On April 7, 2022, the plaintiff filed the instant motion for remand. Dkt. # 9.

3

## II. LEGAL STANDARDS

### A. Necessary and permissive joinder

"A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if in that person's absence, the court cannot accord complete relief among existing parties." F.R.C.P. 19(a)(1)(A). Parties "may be joined in one action as defendants if (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." F.R.C.P. 20(a)(2).

### B. Joinder and remand

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e).

District courts in this Circuit, "permit a joinder which destroys diversity only when consistent with principles of fundamental fairness as appraised using the following factors: (1) any delay, as well as the reason for delay, in seeking joinder; (2) resulting prejudice to defendant; (3) likelihood of multiple litigation; and (4) plaintiff's motivation for the amendment." *Nazario v. Deere & Co.,* 295 F. Supp. 2d 360, 363 (S.D.N.Y. Dec. 17, 2003) (Buchwald, J.) (citations omitted).

4

## C. Fraudulent joinder

"[A] plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Mraz v. JPMorgan Chase Bank, N.A.*, 2018 U.S. Dist. LEXIS 75217, at *9 (E.D.N.Y. May 3, 2018) (Glasser, J.), *citing Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460-61 (2d Cir. 1998). **Similarly, a plaintiff may not defeat federal court diversity jurisdiction by joining a defendant where the plaintiff cannot state a cause of action against that defendant.** *Id.* "Thus, under the doctrine of fraudulent joinder, a court may disregard a non-diverse party if the defendant demonstrates, by clear and convincing evidence, <u>either</u> that (i) there has been outright fraud committed in the plaintiff's pleadings <u>or</u> (ii) that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Mraz, supra* at *9, *quoting Pampillonia, supra* at 461.

## D. *Colorado River* abstention

The abstention doctrine is an exception to "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River Water Conserv. Dist. v. U.S.*, 424 U.S. 800, 817 (1976).

"An analysis of whether a court should abstain under Colorado River begins with a determination of whether the concurrent federal and state proceedings are

5

'parallel 'in nature." *Reliability Inc. v. Doki*, 2021 U.S. Dist. LEXIS 146050, at *31-33 (S.D.N.Y. Aug. 4, 2021) (Failla, J.), *citing Fernandez v. City of New York*, 2017 U.S. Dist. LEXIS 105574, 2017 WL 2894144, at *2 (S.D.N.Y. July 7, 2017) (Netburn, J.); *Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998). "If this threshold inquiry is met, courts then consider the following factors:

> [i] whether the controversy involves a res over which one of the courts has assumed jurisdiction; [ii] whether the federal forum is less inconvenient than the other for the parties; [iii] whether staying or dismissing the federal action will avoid piecemeal litigation; [iv] the order in which the actions were filed, and whether proceedings have advanced more in one forum than in the other; [v] whether federal law provides the rule of decision; and [vi] whether the state procedures are adequate to protect the plaintiff's federal rights.

In applying these factors, the balance is heavily weighted in favor of the exercise of jurisdiction." *Reliability, supra* at *31 (alterations omitted), *citing Woodford v. Cmty. Action Agency of Greene Cty., Inc.,* 239 F.3d 517, 522-23 (2d Cir. 2001); *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp*., 460 U.S. 1, 22-23, 25-27 (1983), *Colo. River*, *supra* at 813, 817-18.

## III. ARGUMENT

As an initial matter, the plaintiff does not and cannot argue that Uber's removal in this case was not timely or proper. Instead, plaintiff seeks permissive joinder and remand, which is improper where, as here, the defendants to *Jerido I* are not necessary parties and should not be permissively joined; joinder will not comport

6

with fundamental fairness; and a fraudulent joinder of the *Jerido I* defendants would subject *Jerido II* to dismissal under the prior pending action doctrine. There is otherwise no reason for the Court to abstain from its obligation to exercise jurisdiction. The plaintiff's motion for remand should accordingly be denied.

## A. Uber's removal was proper

It bears emphasis that the plaintiff does not and cannot challenge the propriety of Uber's removal in this case. *See* Dkt. 9. A defendant may remove an action brought State court to the district court of the United States in which the parties are citizens of different States, and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), 1332(a)(1). Removal must also be timely under 28 U.S.C. § 1446(b). Here, "Uber has demonstrated that removal was proper under 28 U.S.C. § 1332(a). There is diversity of citizenship because [Jerido] is a resident of New York State and Uber is incorporated in Delaware with its principal place of business in California." *Linzy, 2022 U.S. Dist. LEXIS 22524,* at *5; Dkt. 1-1. Because Jerido has demanded $ 5 million dollars, "[t]here is diversity between the parties and the amount in controversy is satisfied, so Uber has demonstrated that removal was proper." *Linzy, 2022 U.S. Dist. LEXIS 22524,* at *5; Dkt. # 1-1, 1-5. As Uber's removal was proper, the plaintiff's motion for remand should be denied.

## B. The defendants to *Jerido I* are not necessary parties and should not be permissively joined.

### 1.  The defendants to *Jerido I* are not necessary parties under Rule 19

**because a judgment in *Jerido II* would not adversely affect them.**

The plaintiff does not argue that the *Jerido I* defendants are necessary parties, because they are patently unnecessary. *See* Dkt. # 9 at 8. A party is necessary if, "in that person's absence, the court cannot accord complete relief among existing parties." F.R.C.P. 19(a)(1)(A). The plaintiff misapprehends the application of Rule 19.  The plaintiff argues that absent joinder of the *Jerido I* defendants, the Court cannot accord complete relief among the existing parties, but never identifies how the *Jerido I* defendants would be adversely affected absent joinder. Dkt. # 21 at 5. The Advisory Committee explained the "complete relief" factor as follows:

> The first factor brings in a consideration of what a judgment in the action would mean to the absentee. Would the absentee be adversely affected in a practical sense, and if so, would the prejudice be immediate and serious, or remote and minor? The possible collateral consequences of the judgment upon the parties already joined are also to be appraised. Would any party be exposed to a fresh action by the absentee, and if so, how serious is the threat?

Notes of Advisory Committee on Rules—1966 Amendment, *citing A. L. Smith Iron Co. v. Dickson*, 141 F.2d 3 (2d Cir. 1944); *Caldwell Mfg. Co. v. Unique Balance C*o., 18 F.R.D. 258 (S.D.N.Y. 1955). Would the *Jerido I* defendants be adversely affected by nonjoinder in any practical sense? The plaintiff cannot identify any such adverse effects. The *Jerido I* defendants are not necessary, and the motion for remand should be denied.

**2.  The defendants *Jerido I* should not be permissively joined under**

**Rule 20 in *Jerido II* because there is no question of law common to them all.**

In addition to arising from the same transaction or occurrence, permissive joinder of defendants under Rule 20 requires that there be a common question of law or fact to **all** defendants. F.R.C.P. 20(a)(2)(B). Here, the factual and legal issues relating to the plaintiff's claims against Uber are distinct from those involving the *Jerido I* defendants: "[Jerido's] allegations against Uber—vicarious liability and negligent hiring, training, retention, and supervision—contain different causes of actions involving issues that are distinct from those against [Syangtan]." *Linzy, 2022 U.S. Dist. LEXIS 22524,* at *10; *see* Dkt. # 9-3, ¶ 40; *see also* ¶ 56 (alleging "negligent and careless manufacturing, design, construction, marketing, sale and distribution of the Uber App"). Indeed, "the fact finder in [*Jerido I*] will make **no determination** with respect to Uber's alleged liabilities in this case." *Id.* (emphasis added). There is no question of law common to the *Jerido I* defendants and defendant Uber here. The motion for remand should be denied. F.R.C.P. 20(a)(2)(B).

**C. Joinder and remand will not comport with fundamental fairness.**

### 1. Plaintiff unduly delayed 429 days from the filing of the instant suit in seeking joinder.

Here, the plaintiff did not seek to join the *Jerido I* defendants–driver Syangtan and Venture Leasing, LLC–to this case until 429 days after she filed it. Of course, the plaintiff had been proceeding against those *Jerido I* defendants since April 23,

2018, over four years. She offers no explanation for this lapse. This militates in favor of denying joinder and remand. *See Lebetkin v. Giray*, 2018 U.S. Dist. LEXIS 184072, at *4 (S.D.N.Y. Oct. 26, 2018) (Cote, J.) (denying joinder after six-month delay from filing of action). The plaintiff's motion for remand should accordingly be denied.

> ### 2. Joinder would prejudice diverse party Uber by depriving it of its choice of forum, further delaying the adjudication of the merits of this case, and impeding its ability to develop its defense.

Uber has an interest in defending against this action in this forum, of which it would be deprived by joinder. *See Nazario, supra* at 364. Joinder would also prejudice Uber by further delaying the adjudication of the merits of the plaintiff's complaint against Uber. *See Lebetkin, supra* at *5. Uber has "for some time been faced with uncertainty as to whether their case would be litigated in state or federal court, which has undoubtedly affected [its] ability to develop their defense." *Id.; see also Linzy,* 2022 U.S. Dist. LEXIS 69999, at *9 (recommending denial of motion for permissive joinder and remand) ("the Court agrees with Uber that it would be prejudiced by further delay in addressing the merits of this case."); *see also Linzy,* 2022 U.S. Dist. LEXIS 69999, at n.9 ("The Court notes that granting Plaintiff's motion would cause further uncertainty and delay for Uber since remanding this action to state court would not automatically result in a single action involving all parties. Rather, Plaintiff would need to move once again in the Bronx Supreme Court

to consolidate this action with [*Jerido I*]."). This motion for permissive remand represents an attempt by the plaintiff to avoid the outcome proscribed by Judge Englemayer in *Kurtz*: "This case will now move briskly forward, with discovery to be closely coordinated with *Kurtz I*. A case management order will issue shortly scheduling an initial pretrial conference and directing counsel, in advance, to submit a proposed case management plan that provides for such coordination." *Kurtz, supra* at *16. Avoidance of this outcome prejudices Uber. The motion for remand should therefore be denied.

### 3. *Jerido I* and *II* are not so related that denying joinder would undermine judicial economy, joinder would stall and disrupt *Jerido I*, and the plaintiff, not Uber, opted for multiple litigation.

Where a state court action and a federal court action involve different claims, "[s]ome particular issues of fact and law will undeniably be argued and litigated in both state and federal court, but there is not such a total congruence between the two actions which clearly tips this factor favor of a remand" for joinder of a non-diverse defendant under 28 U.S.C. 1447(e). *Nazario, supra* at 364. Here, "[Jerido's] allegations against Uber—vicarious liability and negligent hiring, training, retention, and supervision—contain different causes of actions involving issues that are distinct from those against [Syangtan]." *Linzy, 2022 U.S. Dist. LEXIS 22524,* at *10; Dkt. # 9-3, ¶ 40.. Indeed, plaintiff further alleges product liability claims against Uber in this case. Dkt. # 9-3, ¶ 56 (alleging "negligent and careless manufacturing,

11

design, construction, marketing, sale and distribution of the Uber App"). There is not such a total congruence between the two actions that joinder and remand is appropriate.

Indeed, "granting plaintiff's motion would essentially interpose [Uber] into the State Court Action" and thereby "stall and disrupt" *Jerido I,* in which "the existing defendants have not sought to implead [Uber]." *Nazario, supra* at 364. Nor is there any authority for the speculative prospect that the plaintiff's anticipated motion to consolidate would in fact be granted: "granting joinder and remanding this action to state court would not automatically result in a single litigation. Plaintiff would need to move once again in the Bronx Supreme Court to consolidate this action with *Linzy I.*" *Linzy,* 2022 U.S. Dist. LEXIS 69999, at *10; *compare* Dkt. # 9 at 9.

Additionally, the plaintiff, not Uber, opted for multiple litigation. *See Lebetkin, supra* at *5-6 ("There is a likelihood of multiple litigation here, but [plaintiff] opted for multiple litigation when he initially chose to file separate actions in state and federal court. Any risk of multiple litigation could have been eliminated by joining all defendants in the initial action filed in New York State Court"); *Nazario, supra* at 366 ("Plaintiff's warning against multiple litigation and risks of inefficiency and inconsistent results bears some irony. Plaintiff brought two different actions in state court, and plaintiff never pursued consolidation thereof. For plaintiff,

avoidance of multiple and inefficient litigation has only now acquired primacy"); *Deutchman v. Express Scripts, Inc.,* 2008 U.S. Dist. LEXIS 61111, at *10 (E.D.N.Y. Aug. 11, 2008) (Irizarry, J.) ("The court is aware that a denial of plaintiffs 'cross-motion may well result in parallel state court litigation, a factor that must be considered. The situation, however, easily could have been avoided had plaintiffs named [defendant] in their original state court complaint"); *Linzy,* 2022 U.S. Dist. LEXIS 22524, at *5-6 ("Linzy is responsible for the predicament in which she now finds herself; pursuing tort claims against separate defendants, one in state court and the other in federal court, arising out of the same automobile accident. Linzy could have avoided this outcome by naming Uber as a defendant in *Linzy I* or after promptly filing *Linzy II* in state court, she could have moved to consolidate it with *Linzy II*."). Ultimately, "discretionary remand [is] not warranted where the predicament of having separate lawsuits was the result of [Jerido's] litigation missteps." *Linzy,* 2022 U.S. Dist. LEXIS 69999, at *10.

The facts presented by this case have been repeatedly distinguished from those cases in which joinder and permissive remand under 28 U.S.C. § 1447(e) are granted. In *Kurtz, supra,* Judge Englemayer noted that unlike the plaintiff in *Nnaji v. Guzman Fernandez*, 2021 U.S. Dist. LEXIS 112047, 2021 WL 2433850 (S.D.N.Y. June 15, 2021) (Failla, J.), the *Kurtz* plaintiff's case against Uber "arises in a far different posture—one far less sympathetic to the moving plaintiff's remand motion—

13

than *Nnaji* … in *Nnaji* … the plaintiffs moving for remand in the federal actions, in the interests of joinder and efficiency, were defendants in their parallel state court actions. Here, in contrast, Kurtz was the plaintiff who brought both *Kurtz I* and, nearly a year later, *Kurtz II*." *Kurtz, supra* at \*10-11. Judge Nathan agreed with this point of distinction when ruling on the same issue in another similar case. *Linzy,* 2022 U.S. Dist. LEXIS 22524, at \*8. Likewise, "turning to [Jerido's] argument that consolidating the cases is warranted in the interests of justice and judicial resources, the Court finds that unlike *Nnaji* … any issues that may arise from separate proceedings in this case are manageable." *Linzy,* 2022 U.S. Dist. LEXIS 22524, at \*9; *Kurtz, supra* at \*11 (same). The multiple litigation factor therefore militates against joinder and permissive remand here. The motion should be denied.

### 4.   Plaintiff's principal desire in seeking joinder to destroy federal diversity jurisdiction is an impermissible motive.

It is well established that "a principal desire to destroy federal diversity jurisdiction is an impermissible motive." *Nazario, supra* at 364. The motive factor is "the most significant consideration in the fairness analysis" in adjudicating motions for joinder and permissive remand.  *Grant v. Johnson & Johnson*, 2017 U.S. Dist. LEXIS 214078, 2017 WL 6812035, at \*3 (S.D.N.Y. Dec. 19, 2017) (Daniels, J.). "And here, that factor decisively weighs against joinder." *Rivera v. Red Robin*, 2020 U.S. Dist. LEXIS 58734, at \*2-3 (S.D.N.Y. Apr. 2, 2020) (Oetken, J.).

That plaintiff's principal desire is to destroy federal diversity jurisdiction is

patent from both the timing of the plaintiff's motion and its substance. First, the motion seeks joinder of Syangtan and Venture Leasing, LLC–the *Jerido I* defendants–for the purported purpose of determining the scope of Uber's vicarious liability and respondeat superior. Dkt. # 21-1 at 8-10. However, under the doctrine of respondeat superior, the acts of Syangtan are imputed to his alleged employer if the facts so show; accordingly, Jerido "can obtain full relief from [Uber] without joining [Syangtan]." *Rivera, supra,* at *3, *quoting Core-Mark Int'l Corp. v. Commonwealth Ins. Co*., 2005 U.S. Dist. LEXIS 14312,(S.D.N.Y. July 19, 2005) (Pauley, J.); *citing Lederman v. Marriott Corp*., 834 F. Supp. 112, 115 (S.D.N.Y. 1993) (Broderick, J.) ("Since [the employer] can be held responsible for the behavior of its managers and employees . . . there is no need to include [an employee] as a separate defendant.").

Second, the history of this case indicates that plaintiff's motivation in seeking joinder is simply to defeat diversity jurisdiction in order to litigate in what she perceives to be a more favorable forum. *See Lebetkin, supra* at *6. The plaintiff claims that she "fully intended" to move for consolidation, Dkt. # 9 at 16–but this explanation "strains credulity because plaintiff never in fact moved to consolidate the two state suits." *Nazario, supra* at 365. Indeed, plaintiff had nearly 14 months here "to move to consolidate the two state suits. Plaintiff never did. This critically undercuts the notion that plaintiff is principally interested in joining all of

15

the defendants in one action." *See id.* (denying 28 U.S.C. § 1447(e) motion where plaintiff had "nearly **five months** to move to consolidate") (emphasis original); *see also Linzy,* 2022 U.S. Dist. LEXIS 69999, at *10-11 ("the Court joins the court in *Nazario* in question[ing] the propriety of belatedly effectuating a result which plaintiff could have reached without waste and circuitousness.") Plaintiff "never pursued simply joining Uber as a party to [*Jerido I*] prior to Uber removing the action to this Court, Plaintiff did not seek to consolidate the two cases in state court despite having an ample period of time to do so." *Linzy,* 2022 U.S. Dist. LEXIS 69999, at *10-11 (alterations omitted). As Judge Aaron concluded when presented with similar facts:

> Although Plaintiff argues that her primary motivation is to have all claims adjudicated in one action, the history of her litigation strategy indicates otherwise. Indeed, Plaintiff appeared content to litigate separately against Uber until Uber removed the action to this Court. Accordingly, it is difficult to avoid the conclusion that joinder is being sought now solely to defeat diversity jurisdiction.

*Id.* The same result obtains in this case; the plaintiff's primary motivation in bringing the instant motion is solely to defeat diversity jurisdiction, and it should be denied for that reason.

Third, "This timing all but compels the inference that the complaint was amended with the deliberate purpose of divesting this Court of jurisdiction … especially because Plaintiffs do not have a good explanation for why [Uber] was not

named as a defendant in the original complaint." *Mraz, supra*, at *18-19. It is accordingly proper to infer "from plaintiff's litigation behavior to this point and the course he has selected to arrive at the current motion that plaintiff is primarily interested in forcing [Uber] to defend itself in state court." *Nazario, supra* at 365. Every factor militates against a finding of fundamental fairness in joining the *Jerido I* defendants. The motion for remand should be denied.

**D. Fraudulent joinder of the *Jerido I* defendants and remand would subject *Jerido II* to dismissal under the prior pending action doctrine**

A plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by joining defendants with no real connection with the controversy, or by joining defendants who would be entitled to dismissal. *Mraz, supra* at *9, *citing Pampillonia, supra* at 460-61. "Thus, under the doctrine of fraudulent joinder, a court may disregard a non-diverse party if the defendant demonstrates, by clear and convincing evidence … that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Mraz, supra* at *9, *quoting Pampillonia, supra* at 461. **This does not require proof of fraud, but rather, proof that Plaintiff cannot state a cause of action against the Defendant.** *See Whitaker v. American Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001) ("Joinder will be considered fraudulent when it is established 'that there can be no recovery [against the defendant] under the law of the state on the cause alleged." *Allied Programs Corp. v. Puritan Ins. Co.*, 592

F.Supp. 1274, 1276 (S.D.N.Y. 1984)  (citations omitted/brackets in original).

It is well settled that a party may move to dismiss one or more causes of action pursuant to Fed.R.Civ.P. Rule 12 and 13 on the ground that there is another action pending between the same parties for the same relief. *Mississippi Valley Barge Line Co. v. Bulk Carriers, Ltd*., 249 F.Supp. 743 (S.D.N.Y. 1965) (action would not be entertained whether two other prior proceedings involving same dispute were pending).

Pursuant to CPLR 3211(a)(4) a party may move to dismiss one or more causes of action on the ground that there is another action pending between the same parties for the same cause of action in a court of any state or in the United States. *Media America. Inc.  v. Rudnick*, 156 A.D.2d 174, 174 (1st Dep't 1989); *see Kahn v. Avnet, Inc.,* 1983 U.S. Dist. LEXIS 17876 (S.D.N.Y. 1983) (noting that "dismissal could surely be predicated on the discretion of this court" pursuant to CPLR 3211(a)(4) when "there is another action pending between the same parties for the same cause of action in a court of any state or the United States.")

New York Courts have consistently found dismissal appropriate under these circumstances. In *Colon v. Gold*, 166 A.D.2d 406, 407 (2d Dept. 1990), the Appellate Division, Second Department held that "indiscriminately commencing multiple personal injury lawsuits emanating from the same underlying event will not be condoned." (holding that "the Supreme Court erred in failing to dismiss pursuant

to CPLR 3211 (a) (4)"); *see also Cherico, Cherico & Assoc. v Midollo,* 67 A.D.3d 622, 622-623 (2d Dept. 2009) (affirming dismissal of the plaintiff's "complaint pursuant to CPLR 3211 (a) (4) on the ground that there is another action pending between the same parties for the same cause of action."); *Liebert v. TIAA-CREF*, 34 A.D.3d 756, 757 (2d Dept. 2006) (holding same); and S*eneca Specialty Ins. Co. v T.B.D. Capital, LLC*, 143 A.D.3d 971, 972 (2d Dept. 2016) (affirming dismissal of the plaintiff's complaint pursuant to CPLR 3211 (a)(4) as there was "substantial identity of the parties and the causes of action alleged" in both actions were the same.).

Here, the plaintiff's motion must fail. If the Court were to grant the plaintiff's motion to join Shree Syangtan and Venture Leasing LLC, **there would be two identical lawsuits against Shree Syangtan and Venture Leasing LLC, brought by and against the same party, concerning the same injury and alleged wrong doings.** The instant lawsuit–*Jerido II*–would therefore be subject to dismissal as to Shree Syangtan and Venture Leasing LLC under CPLR 3211 (a) (4) and the prior pending action doctrine. Accordingly, plaintiff's request to join Shree Syangtan and Venture Leasing LLC is without merit and would be inappropriate as a fraudulent joinder.

**E. The Court should not abstain from its exercise of jurisdiction**

The Court should not abstain from its "virtually unflagging obligation" to

exercise its original jurisdiction, *see Colorado River, supra* at 817, including over diversity matters. 28 U.S.C. § 1332(a). Here, *Jerido I* and *Jerido II* are not parallel because adjudication of the state court case against the vehicle driver and owner, *Jerido I,* will not resolve any aspect of the instant lawsuit against Uber, which involves different parties and a different set of legal issues. Further, all of the *Colorado River* factors weigh against abstention.

    **1.** ***Jerido I*** **and this case are not parallel**

        ***i.*** **The Bronx Supreme Court's adjudication of the plaintiff's claims in *Jerido I* will not resolve the instant lawsuit.**

"[P]arallelism is achieved where there is a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Reliability Inc. v. Doki*, 2021 U.S. Dist. LEXIS 146050, at *33 (S.D.N.Y. Aug. 4, 2021) (Failla, J.), *citing Shields v. Murdoch*, 891 F. Supp. 2d 567, 577 (S.D.N.Y. 2012) (Gardephe, J.). Here, it is "evident that the [New York] state court's adjudication of the claims, counterclaims, and third-party claims before it will not resolve the instant" lawsuit. *Reliability, supra* at * 33. For instance, plaintiff's claims against Uber of negligent hiring, training, retention, and supervision, as well as negligent manufacturing, design, construction, marketing, sale and distribution of the Uber App "will not be resolved by any determinations in the" Bronx action. *Id.* "In short, the claims at issue in the [New York] Action in no way mirror the claims at issue in the instant litigation." *Id.* (alterations omitted). Abstention is therefore inappropriate, and the

motion should be denied.

> ### ii. *Jerido I* is not parallel to this case because it involves a different set of parties and a different set of issues.

"The ongoing [New York] Action "is not 'parallel 'to this case simply because some of the parties are the same and the claims arise out of the same set of facts." *Reliability, supra* at \*34-5, *citing Kirby McInerney LLP v. Lee Med., Inc.,* 2017 U.S. Dist. LEXIS 171450, 2017 WL 4685101, at \*3 (S.D.N.Y. Oct. 16, 2017) (Forrest, J.) (deeming petition not "parallel" to state litigation where the federal case involved "a different set of parties, a different set of issues, and different relief sought"). *Jerido I* involves Ebony Jerido, Shree Syangtan and Venture Leasing LLC; *Jerido II* involves Ebony Jerido and Uber. *Jerido I* involves issues concerning negligent vehicle operation; *Jerido II* involves issues concerning negligent hiring, training, retention, and supervision, as well as negligent manufacturing, design, construction, marketing, sale and distribution of the Uber App. In such circumstances, "the federal and state proceedings are not parallel for the purposes of *Colorado River* abstention, and given [plaintiff's] failure to satisfy this threshold issue, it will not proceed to consider the discretionary factors." *Reliability, supra* at \*36. Abstention is therefore inappropriate, and the plaintiff's motion should be denied. *See id.*

> ## 2. In any event, the *Colorado River* factors *Jerido I* militate against abstention

> ### i. The absence of jurisdiction by either court over property weighs against abstention.

"In this analysis, the balance is heavily weighted in favor of the exercise of jurisdiction.  Thus, the facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding it. For example, with respect to the first *Colorado River* factor, the absence of a res points toward exercise of federal jurisdiction." *Woodford, supra* at 522-23 (citations, quotations and alterations omitted). Here, neither the Bronx Supreme Court in *Jerido I* nor the instant court has jurisdiction over a res. The res factor accordingly weighs against abstention; the motion to remand should be denied.

### ii.   The federal forum is more convenient for Uber and equally convenient for the plaintiff.

"Similarly, with respect to the second Colorado River factor, where the federal court is just as convenient as the state court, that factor favors retention of the case in federal court." *Woodford, supra* at 522-23 (citations and quotations omitted). Here, Uber is a Delaware corporation with its principal offices California and an office in New York City at 3 World Trade Center, nearby to this Court. The plaintiff is a resident of The Bronx. Accordingly, this Court is more convenient for Uber and equally convenient to the plaintiff: the convenience factor accordingly weighs against abstention; the motion to remand should be denied.

### iii. *Jerido I* poses no risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel.

As set forth above in §§ III(E)(1)(1), there is no risk of inconsistent outcomes

here in view of the distinct claims, legal issues, and parties in *Jerido I* and *Jerido II*, respectively. Plaintiff's argument to the contrary is misapprehends the record and authority. For instance, the plaintiff argues, in reliance on *Vanderzalm v. Sechrist Industries, Inc.*, 875 F.Supp.2d 179, 181, (E.D.N.Y.2018) (Spatt, J.), that "if the cases are not consolidated on remand, [Synagtan and Venture] may be forced to defend themselves in two separate actions, and exposing [them] to inconsistent liability." Dkt. # 9 at 9. This is wrong. If the plaintiff's motion here is denied, the *Jerido I* defendants will remain in the same position that they have been in since April 2018: defending themselves a **single action.**

Indeed, the case at bar does not present the "classic example" of a lawsuit "that posed a risk of inconsistent outcomes not preventable by principles of res judicata and collateral estoppel": "where all of the potentially liable defendants are parties in one lawsuit, but in the other lawsuit, one defendant seeks a declaration of nonliability and the other potentially liable defendants are not parties." *Woodford, supra* at 524. "No similar risk of inconsistency can arise with respect to the plaintiffs' lawsuits here." *Id.*

### iv.  *Jerido I* has not progressed further than this lawsuit.

In evaluating the order in which jurisdiction was obtained, the court does not look only to which action was commenced first, but rather to the relative progress of the actions in the two forums. *See Cone, supra* at 21. The Bronx Supreme Court

23

issued preliminary conference orders concerning the scheduling of discovery in *Jerido I* and *Jerido II* on February 10 and 15, 2022, respectively. *See* Exhibit A. *Jerido I* and *Jerido II* were set for compliance conferences on April 14 and 19, 2022, respectively. *See* Exhibit A at 2, 5. Because neither case has progressed further than the other, and "the facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding," *Woodford, supra* at 523, the progress factor accordingly weighs against abstention; the motion to remand should be denied.

### *v.*   There are no novel or complex issues of law in this case.

"The absence of federal issues does not strongly advise dismissal, unless the state law issues are novel or particularly complex. There are no such novel or particularly complex issues in this case." *Wiggin & Co. v. Ampton Invs., Inc.*, 66 F. Supp. 2d 549, 554 (S.D.N.Y. 1999), *citing Village of Westfield v. Welch's*, 170 F.3d 116, 124 (2d Cir. 1999).  Here, there are no novel or complex issues of law that strongly advise in favor of abstention; the motion to remand should be denied.

### *vi.*   This Court can equally construe applicable law and protect Uber's rights.

Here, this Court can equally construe the applicable law and protect Uber's rights. Because "the facial neutrality of a factor is a basis for retaining jurisdiction, not for yielding," *Woodford, supra* at 523, the adequacy of the judicial procedures factor weighs against abstention; the motion to remand should be denied.

### IV. CONCLUSION

Joinder and permissive remand is improper here. The defendants to *Jerido I* are not necessary parties and should not be permissively joined. Their joinder will not comport with fundamental fairness, and a fraudulent joinder of the *Jerido I* defendants would subject *Jerido II* to dismissal under the prior pending action doctrine. Abstention from the exercise of jurisdiction would be improper. The plaintiff's motion for remand should be denied.

Respectfully submitted,
DEFENDANT,
UBER TECHNOLOGIES, INC.
By their attorneys,

/s/ Andrew R. Ferguson
Andrew R. Ferguson (AF5154)
Coughlin Betke LLP
1330 Avenue of the Americas
Suite 23A
New York, NY 10019
212-653-0380
aferguson@coughlinbetke.com