UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

EBONY S. JERIDO                           :        Civil Action No.: 1:22-cv-02217-KPF

           Plaintiff,              :        MEMORANDUM OF LAW

                                                                  :

-against-                                 :

                                                                  :

UBER TECHNOLOGIES, INC.,                  :

           Defendants.             :

-------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM IN REPLY IN FURTHER SUPPORT OF PLAINTIFF EBONY S. JERIDO'S MOTION TO REMAND**

                                              Respectfully submitted,

                                              TROLMAN GLASER CORLEY & LICHTMAN, P.C.

                                              _____

                                              Michael Madonna (2965)
                                              Attorneys for Plaintiff
                                              747 Third Avenue, 23rd floor
                                              New York, New York 10017
                                              (212) 750-1200

**TABLE OF CONTENTS**

                                                                                **PAGE**

**TABLE OF AUTHORITIES**…………………………………………………………. **0**

**ARGUMENT**………………………………………………………………….. **1**

       **POINT I**

       **UBER FAILED TO MEET ITS BURDEN OF DEMONSTRATING JOINDER AND REMAND SHOULD BE DENIED IN THIS ACTION**………………….. **1**

           **A.**    **There was no Undue Delay in Plaintiff's Request for Joinder and Remand**……………………..…………………...**2**

           **B.**    **There is no Cognizable Prejudice to Uber by Granting Plaintiff's Motion**…………………………………….**3**

           **C.**    **The Likelihood of Multiple Litigations Weighs in Favor of Joinder and Remand**………………………………………**4**

           **D.**    **Plaintiff's Motive in Seeking Joinder and Remand Weighs in Favor of Granting Plaintiff's Motion**………………………….**6**

       **POINT II**

       **ALTERNATIVELY, THIS COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION OVER JERIDO II AND REMAND THE MATTER BACK TO STATE COURT TO ALLOW PLAINTIFF TO CONSOLIDATE THE TW9ACTIONS**………………..…………………………………………….**9**

**CONCLUSION**……………………………………………………………..… **10**

**TABLE OF AUTHORITIES**

**CASES**                                                                                                        **PAGE**

*Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 715 (S.D.N.Y. 2007)…………...9

*Casanave. v. Robbins*, 262 A.D. 873, 28 N.Y.S.2d 588 (2d Dep't 1941)………………….…2

*Cooper v. Trustees of College of Holy Cross*, 2014 WL 2738545………………………………3

*Deutchman v. Express Scripts, Inc.*, , 2008 WL 3538593 (E.D.N.Y.1997)…………………..3

*Graves v. Home Depot U.S.A., Inc.*, 2013 WL 2357205 at 2 (S.D.N.Y. 2013)…………1, 2, 3

*Groh v. Monestero*, 2013 WL 1809096, at 4 (E.D. Pa. 2013)………………………………..9

*Kurtz v. Uber Techs., Inc.*, 2021 WL 4777973 (S.D.N.Y. Oct. 13, 2021)…………………5, 9

*Linzy v. Uber Techs., Inc.*, 2022 WL 1556972 (S.D.N.Y. 2022)…………………….1, 3, 5 8

*Major Oldsmobile, Inc. v. Gen. Motors Corp.*, 1994 WL 9774, at *1 (S.D.N.Y. 1994)…..1, 2

*McDermott Inc. v. Indus. Risk Insurers*, 2003 WL 21362330, at 5-6 (E.D. La. June 10,
2003)…………………………………………………………………………………………..9

*McGee v. State Farm Mut. Auto. Ins. Co.*, 684 F.Supp.2d at 263……………………………3

*Nesbitt v. Town of Camel*, 140 A.D.3d 837 (2d Dep't 2016)…………………………………10

*Nnaji v. Fernandez et al,* 2021 WL 2433850, at 10(S.D.N.Y. June 15, 2021)…………….4, 9

*Mas-Edwards v. Ultimate Servs., Inc.*, 45 A.D.3d 540, (2d Dep't 2007)…………………….10

*Mensah* v. *World Truck Corp.*, 210 F. Supp. 2d 320(S.D.N.Y. 2002)… …………………..9, 10

*New Hampshire v. Maine*, 532 U.S. 742, 749, (2001)…………………………………………8, 9

*Oboku v. New York City Transit Auth.*, 141 A.D.3d 708, 709 (1st Dep't 2016),,,,,,,,,,,,,,,,,,,,,10

*Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)…………………………7

*Raboy v. McCory Corp.*, 210 A.D.2d 145, 147 (1st Dep't 1994)……………………….…10

*Reyes v. Rite-Line Transp., Inc.*, 2013 WL 3388975 at 4 (S.D.N.Y. 2013)……………………5

*Rosado v. Johnson*, 589 F.Supp.2d 398, 402 (S.D.N.Y.2008)………………………….....…3

*Sandoval v. Leake & Watts Servs., Inc.*, 192 A.D.3d 91, 100 (1st Dep't 2020)………………..5

*Selmani v. City of New York*, 116 A.D.3d 943, 944, (2d Dep't 2014)…………………………5

*Smith v. Nkomurume*, 2018 WL 4660362 at 6 (S.D.N.Y. 2018)………………………………3

*Treeline 990 Stewart Partners LLC v. RAIT Atria, LLC*, 2011 WL 2532873
 (E.D.N.Y. June 22, 2011) …………………………………………………………… 1, 3, 7

*Vanderzalm v. Sechrist Industries, Inc.*, 875 F.Supp.2d 179 (E.D.N.Y.2018).…………….. 7

**Rules/Statutes**

28 U.S.C. § 1447(e)……………………………………………………………….. 4, 7, 9, 10

Fed.R.Civ.P. 20(a)(2)………………………………………………………….….. 1, 7

## ARGUMENT

## POINT I

## UBER FAILED TO MEET ITS BURDEN OF DEMONSTRATING JOINDER AND REMAND SHOULD BE DENIED IN THIS ACTION

"[I]t is well settled in this circuit that a district court may, in the exercise of its sound discretion, add new parties despite the fact that their citizenship will destroy diversity and require a remand." *Major Oldsmobile, Inc. v. Gen. Motors Corp.*, 1994 WL 9774, at 1 (S.D.N.Y. 1994). "In deciding whether to permit a non-diverse party's joinder, the Court: (1) evaluate[s] whether joinder is permissible under Rule 20(a)(2) of the Federal Rules of Civil Procedure and, if so, then (2) ascertain[s] whether the balancing of certain relevant considerations weighs in favor of joinder and its necessarily attendant remand." *Treeline 990 Stewart Partners LLC v. Rait Atria, LLC, et. al.*, 2011 WL 2532873 at 5 (E.D.N.Y.2011) "[A]dditional non-diverse parties need not be indispensable to be joined." *Graves v. Home Depot U.S.A., Inc.*, 2013 WL 2357205 at 2 (S.D.N.Y. 2013). The only requirement is that joinder is permissible under Rule 20. *Id*.

Uber argues that Rule 20 is not satisfied because there is no question of law or fact in common for the defendants of Jerido I[1] and Jerido II[2]. This argument is antithetical to *Linzy v. Uber Techs., Inc.*, 2022 WL 1556972 (S.D.N.Y. 2022), where plaintiff commenced two actions in state court arising out of the same car accident—one against the owners and operator of the vehicle and one against Uber who employed the driver. *Linzy*, at 4. **The Court held "the requirements of Rule 20 are met. Plaintiff asserts a right to relief against Uber and the Joinder Defendants,**

---

[1] The action Plaintiff commenced in Supreme Court of the State of New York, Bronx County against Shree K Syangtan ("Syangtan") and owned by Venture Leasing LLC ("Venture") on April 23, 2018.

[2] The action Plaintiff commenced against of Uber Technologies, Inc. ("Uber") in Supreme Court of New York, Bronx County on February 2, 2021.

**jointly, severally, or in the alternative arising from the same car accident and her claims against all Defendants will, at least, share common questions of fact**." *Linzy*, *supra*, at 4.

The next step is to weigh "the relevant factors to determine whether joinder would comport with fundamental fairness" by weighing the following "factors: (1) any delay, and the reasons for the delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the likelihood of multiple litigation; and (4) the plaintiff' motivation to amend." *Graves*, 2013 WL 2357205 at 2.

A.     **There was no Undue Delay in Plaintiff's Request for Joinder and Remand**

Uber claims Plaintiff allowed an undue delay between the filing of Jerido I and Plaintiff's instant application for joinder and remand.  It must be noted that Uber misrepresents the nature of Plaintiff's delay in seeking consolidation of Jerido I and Jerido II by utterly disregarding the facts set forth in Plaintiff's Memorandum of Law and misrepresenting the facts it presented.

Uber omits the fact that after Jerido II was commenced, it filed a motion to dismiss in lieu of an Answer.  Uber's pending motion and failure to provide an Answer created a procedural obstacle that prevented Plaintiff from moving for consolidation. *See Casanave. v. Robbins*, 262 A.D. 873, 28 N.Y.S.2d 588 (2d Dep't 1941) ("The general rule that actions will not be consolidated where identity of issue cannot be determined because issue has not been joined.").

**Uber did not interpose an Answer until December 29, 2021**, after the motion to dismiss was denied. *See* Exhibit F.  Within a few weeks, counsel for Plaintiff served a stipulation to consolidate Jerido I and Jerido II on all parties. *See* Exhibit G; Exhibit H.  Uber misstates that "**none** of the defendants in *Jerido I* had signed the proposed stipulation and there is no evidence in the record they ever even agreed to it." Uber Mem. in Opp. at 3.  However, counsel for both of the Jerido I defendants signed the stipulation. *See* Exhibit H.  Uber misrepresents "Plaintiff 'never

pursued simply joining Uber as a party to [Jerido I] prior to Uber removing the action to this Court, Plaintiff did not seek to consolidate the two cases in state court despite having an ample period of time to do so.'" Uber Mem. in Opp. at 16 (*quoting Linzy*, *supra,* at 10-11).  However, Plaintiff illustrated its effort execute a stipulation for consolidation amongst the parties before Uber removed Jerido II from the state court.

Uber's argument that there was an undue delay in seeking joinder is patently incorrect.  In *Deutchman v. Express Scripts, Inc.*, 2008 WL 3538593 (E.D.N.Y. Aug. 11, 2008)—cited to by Uber, the Court explained that **"[d]elay is measured from the date of removal**." *Id*. at 3.  As set forth in Plaintiff's Memorandum of Law, the two weeks between removal and the filing of Plaintiff's motion is not a "delay" within the meaning of this analysis. *See Treeline*, 2011 WL 2532873, at 3; *McGee v. State Farm Mut. Auto. Ins. Co*., 684 F.Supp.2d at 263.

### B.        There is no Cognizable Prejudice to Uber by Granting Plaintiff's Motion.

Uber purports that if this Court grants Plaintiff joinder and remand, it will be prejudiced "by depriving it of its choice of forum, delaying the adjudication of the merits, and impeding its ability to develop its defense." Uber Mem in Opp. at 2.  It is well-settled that "**a defendant's interest in litigating in a federal forum does not alone suffice to enable it to claim that remand would be prejudicial**." *Smith v. Nkomurume*, 2018 WL 4660362 at 6 (S.D.N.Y. 2018) (emphasis added); *Cooper v. Trustees of College of Holy Cross*, 2014 WL 2738545, at 8 ("It is true that Defendants have an interest in defending this action in this forum, and that they properly removed the action, but these facts alone do not suffice.").  There is "nothing prejudicial in having to defend this action in state court." *Graves*, 2013 WL 2357205 at 4. "The Court cannot accept the anecdotal observations of a single individual to make the provocative finding that a fair trial of this case could not be had in state court. Principles of comity between the state and federal courts suggest

3

that defendants be held to a very high standard to sustain such a claim." *Hosein*, *supra* at 5; *see also Rosado v. Johnson*, 589 F.Supp.2d 398, 402 (S.D.N.Y.2008) (permitting joinder and remand under § 1447(e), holding "[s]tate courts are presumed to apply the law fairly and impartially, and a party asserting otherwise bears a heavy burden of justification.").

Uber's contention that remanding the case would further delay adjudication of Plaintiff's claims does not amount to prejudice because "in the face of potential remand, no prejudice to the defendant should be found where the case 'is still in its preliminary stages and discovery is ongoing.'" *Smith v. Nkomurume*, 2018 WL 4660362 at 6 (*quoting M.S.S. Const. Corp. v. Century Sur. Co.*, 2015 WL 6516861, at 7).  As discovery is in the preliminary stages of both Jerido I and Jerido II, Uber faces no prejudice in adjudicating the case in state court.

Moreover, Uber being "subject to discovery unrelated to the legal claims against it and the resulting delay" does not constitute prejudice and poses no obstacle to Uber's ability to develop its defenses. *See Smith v. Nkomurume*, 2018 WL 4660362 at 6 (*quoting M.S.S. Const. Corp. v. Century Sur. Co.*, 2015 WL 6516861, at 7). Uber's conclusory assertion that remand would "imped[e] its ability to develop its defense" does not meet the heavy burden of proffering evidence that joinder and remand "will require [Uber] to revise or abandon litigation strategy for which resources have already been expended". *See* Uber Mem. in Op. at 2 *cf. M.S.S. Const. Corp.*, *supra*, at 7.  "Defendant has raised no issue here regarding any upending of its litigation strategy or trial preparation, and the Court [should] note[] that this case is far from trial ready." *Smith*, *supra*, at 6.

## C.      The Likelihood of Multiple Litigations Weighs in Favor of Joinder and Remand.

"Remand is particularly appropriate given the significant factual overlap between this action and the State Action. Both the State Action and the instant action arise out of the same underlying event: the collision on [January 2, 2018]." *See Nnaji v. Fernandez et al,* 2021 WL

2433850, at 10(S.D.N.Y. June 15, 2021).  "[A]bsent remand, the parties will be forced to litigate

nearly identical facts and claims in two courthouses, under two sets of rules, before two judges.

Such a result would not serve the interests of justice." *Id*.

Relying on *Linzy*, *supra*, and *Kurtz v. Uber Techs., Inc.*, 2021 WL 4777973 (S.D.N.Y. Oct.

13, 2021), Uber contends that Plaintiff's allegations against Uber are distinct legal issues from

those asserted against the defendant driver, Syangtan—specifically vicarious liability, negligent

hiring, training, retention, and supervision—rendering joinder and remand is inappropriate.  Uber

Mem. in Opp. at 8, 11.  Uber failed to distinguish the claims against Uber from the claims against

defendant, Venture, the owner of the vehicle. *See generally id*.  Regardless, "in weighing the

interests and prejudices to each party involved, this matter and the Bronx Supreme Court action

appear to share the same operative facts from the events of [the date of the accident], the same

evidence such as the Police Accident Report, and involve the same parties and counsel." *Reyes v.*

*Rite-Line Transp., Inc.*, 2013 WL 3388975 at 4 (S.D.N.Y. 2013).  "Absent remand, Plaintiff will

most likely unnecessarily and simultaneously litigate identical facts in two jurisdictions, conduct

two courses of discovery, and appear for multiple depositions." *Id*.; *see also Hosein,* 2013 WL

4780051, at 2.  For example, a major issue of fact implicating both Uber and Syangtan is whether

Syangtan was using the Uber application at the time of the accident.  Having separate juries weigh

this issue exposes Plaintiff to potentially inconsistent outcomes.

It is also the factfinder's duty to determine whether Uber was negligent in its hiring,

training, retention, and supervision of Syangtan, which is a separate cause of action from vicarious

liability. *See Sandoval v. Leake & Watts Servs., Inc*., 192 A.D.3d 91, 100 (1st Dep't 2020) ("It is

for the jury to determine whether [Defendant's conduct] constitutes negligent hiring under the

circumstances."); *Selmani v. City of New York*, 116 A.D.3d 943, 944, (2d Dep't 2014).

In *Hosein* v. *CDL W. 45th St.*, this Court found claims for vicarious liability against an employer are not distinct from claims of negligence against the non-diverse employees to warrant separate litigation. *Hosein* 2013 WL 4780051 at 2.   There, the plaintiffs, injured by a malfunctioning hotel elevator, sued the hotel owner and Fujitec, the company that serviced the elevators. *Id*.  Plaintiffs later sought to add Fujitec's employees who worked on the elevator, as non-diverse parties, which Fujitec argued it was unnecessary because as "their employer, [Fujitec] would be liable pursuant to *respondeat superior* for any damages assessed against [the emlpoyees]." *Id*. at 1-2.   The Court disagreed, holding "[i]f this action is not remanded, and Plaintiffs decide to proceed with their claims against [the employees] in state court, there will be two proceedings arising from the same event involving the same injuries. Remand here would eliminate the possibility of inconsistent verdicts and promote judicial efficiency." *Id*. at 6.  "Even if Fujitec is ultimately responsible for any damages assessed against its employees, Plaintiffs are entitled to make strategic judgments, like which defendants to place before the jury, particularly when those defendants are alleged to be directly responsible for the injuries at the heart of this controversy" and depriving plaintiffs of one trial with all of the defendants, would deprive them of their ability "to fully protect their rights." *Id*. at 6.   Likewise, Plaintiff should be entitled remand so she can present one trial against all of the defendants potentially responsible for her injuries.

## D.   Plaintiff's Motive in Seeking Joinder and Remand Weighs in Favor of Granting Plaintiff's Motion.

In assessing plaintiff's motive for seeking joinder and remand, "courts typically look to the timing of the joinder, the circumstances of the case, and whether there is a cause of action against the non-diverse defendant." *M.S.S. Const. Corp. v. Century Sur. Co.*, 2015 WL 6516861 at 8.  The evidence demonstrates Plaintiff was already undergoing efforts to consolidate Jerido I and Jerido II prior to Uber's removal, which demonstrates Plaintiff's motive is to prosecute all of her claims

arising from the January 2, 2018 accident in one litigation.  "Defendants asserting fraudulent

joinder 'bear the heavy burden of proving circumstances by clear and convincing evidence, with

all factual and legal ambiguities resolved in favor of plaintiff.'" *Treeline*, 2011 WL 2532873 at 5.

> 'In order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to
> defeat diversity,' the Second Circuit requires the defendant to 'demonstrate, by clear and
> convincing evidence, either that there has been outright fraud committed in the plaintiff's
> pleadings, or that there is no possibility, based on the pleadings, **that a plaintiff can state
> a cause of action against the non-diverse defendant in state court**.'

*Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998).

Uber "does not claim that Plaintiff engaged in outright fraud, the Court thus looks to

whether there is any possibility of recover[y] against the non-diverse Defendant" in state court.

*M.S.S. Const. Corp.*, 2015 WL 6516861 at 8.  Uber does not contend there is no possible recover

against the Jerido I defendants in state court. *See generally* Uber Mem. in Opp.  Instead, it argues

joinder will warrant dismissal of Plaintiff's complaint based on "there [being] another action

pending between the same parties for the same causes of action. *See* Uber Mem in Opp. at 19

This argument is belied by the fact that Uber is clearly not a party in Jerido I and the

rationale behind Rule 20 and 28 U.S.C. § 1447(e) is to allow joinder of non-diverse defendants

from a state action "to promote trial convenience and to expedite the final determination of

disputes." *Vanderzalm v. Sechrist Industries, Inc.*, 875 F.Supp.2d 179, 181, 183 (E.D.N.Y.2018).

The fact that there is a pending state action against the non-diverse defendants will not prevent a

court from granting joinder and remand the case to state court so Plaintiff can effectuate

consolidation and pursue all claims in one litigation. *See id.* at 181-183.

Moreover, this an entire argument should be ignored because Uber invalidated its position

by taking a completely contradictory position earlier in its Opposition. Uber asserted that "there is

no risk of inconsistent outcomes here in view of the distinct claims, legal issues, and parties in

*Jerido I* and *Jerido II,* respectively." Uber Mem. in Opp. at 22-23.  Uber now argues that joinder

of the Jerido I defendants into this action would warrant dismissal of Plaintiff's complaint "on the

ground that there is another action pending between the same parties for the same relief." *Id*. at 18.

Uber has advanced the position that the claims against Uber are distinct enough to warrant

its own litigation in federal court separate from the state action against the defendant driver and

prevailed in defeating a motion to remand in *Linzy*, *supra*.; *see* a copy of Uber's Memorandum of

Law in Opposition to Shaarile Linzy's Motion to Remand annexed as Exhibit "1" at 3-7, 21.  Uber

therefore, is barred by the doctrine of judicial estoppel from assuming a contrary position "simply

because [Uber's] interests have changed." *New Hampshire v. Maine*, 532 U.S. 742, 749, (2001).

Uber's reliance on *Linzy* is unpersuasive because there, the Court heavily weighed the fact

that "it appear[ed] that most of the discovery in [the state court action] is complete, which should

make coordinating between the two cases," less of an obstacle and found that Plaintiff's decision

to wait until after the Note of Issue was filed in the state action to move to remand Uber action and

while making no efforts to consolidate the two actions during the several months where it was

feasible suggested "Plaintiff appeared content to litigate separately against Uber until Uber

removed the action to this Court . . . [which makes] it difficult to avoid the conclusion that joinder

is being sought now solely to defeat diversity jurisdiction." *Linzy*, 2022 WL 1556972 at 4.

Unlike in *Linzy*, discovery is in the preliminary stages in Jerido I and Jerido II.  Uber

conceded that in *Linzy*, the holding of *Nnaji v. Fernandez et al*., 2021 WL 2433860 did not apply

because unlike in *Nnaji*, "discovery in Linzy I ha[d] already been completed." Exhibit 1 at 10.

**Uber stated that because discovery was in the preliminary stages in both the state and federal**

**actions in *Nnaji*, "there was no prejudice in allowing remand and consolidation**." *Id*. at 7, 10

(emphasis added).   Uber should be bound to this previously held position that remand is not

prejudicial where little discovery has taken place. *See New Hampshire v. Maine*, 532 U.S. at 749.

## POINT II

**ALTERNATIVELY, THIS COURT SHOULD ABSTAIN FROM EXERCISING JURISDICTION OVER JERIDO II AND REMAND THE MATTER BACK TO STATE COURT TO ALLOW PLAINTIFF TO CONSOLIDATE THE TWO ACTIONS**

"[R]emoval statutes are to be strictly construed against removal and all doubts should be

resolved in favor of remand." *Am. Standard, Inc. v. Oakfabco, Inc*., 498 F. Supp. 2d 711, 715

(S.D.N.Y. 2007).  § 1447(e) should be applied to remand cases back to state court for consolidation

to "avoid 'multiple and duplicative litigation.'" *Nnaji v. Guzman Fernandez*, 2021 WL 2433850

at  1 (*citing Mensah* v. *World Truck Corp*., 210 F. Supp. 2d 320 (S.D.N.Y. 2002); *Reyes*, 2013 WL

3388975; *Groh v. Monestero*, 2013 WL 1809096, at 4 (E.D. Pa. 2013) (granting remand where

plaintiff's "goal" was to consolidate the lawsuit with related state-court actions against other

defendants and joinder of those defendants was "impossible"); *cf*. *McDermott Inc. v. Indus. Risk

Insurers*, 2003 WL 21362330, at 5-6 (E.D. La. 2003) (observing that "an argument can be made"

that § 1447(e) allows federal district courts to grant remand even absent a request for joinder).

Uber's reliance on *Kurtz v. Uber Technologies, Inc*., does not support denial of remand

because there, the Court's denial of remand was largely based on the plaintiff's failure to seek

joinder under § 1447(e), and solely sought remand and because joinder of the driver would not

have destroyed diversity. *Kurtz v. Uber Techs., Inc*., 2021 WL 4777973 at 5.  Even under this

narrower interpretation of § 1447(e), Plaintiff is entitled to remand based on her request for joinder

of a "diversity-destroying defendant" under § 1447 (e) necessitating remand to state court. *Id.*

Remand should be granted because "courts in this District have remanded cases pursuant

to § 1447(e) in order to facilitate consolidation with related actions in state court." *Nnaji,* at 6-7

9

(*citing Mensah*, 210 F. Supp. 2d 320*; Reyes,* 2013 WL 3388975).  Uber's argument that there is no "authority for the speculative prospect that the plaintiff's anticipated motion to consolidate would in fact be granted" is entirely baseless. Uber Mem. in Op. at 12.  In New York, "consolidation is generally favored in the interest of judicial economy and ease of decision-making where the cases present common questions of law and fact. . . . mere delay is not a sufficient basis upon which to deny consolidation." *Raboy v. McCory Corp.*, 210 A.D.2d 145, 147 (1st Dep't 1994).  Motions to consolidate two actions arising from the same motor vehicle accident are typically granted*. See Nesbitt v. Town of Camel*, 140 A.D.3d 837 (2d Dep't 2016); *Oboku v. New York City Transit Auth.*, 141 A.D.3d 708, 709 (1st Dep't 2016); *Mas-Edwards v. Ultimate Servs., Inc.*, 45 A.D.3d 540, (2d Dep't 2007).  Uber has failed to point to any precedent that would suggest a motion for consolidation would be denied.

CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court issue an Order joining the defendants from Jerido I and remanding this action back to its original forum, the Supreme Court of the State of New York, County of Bronx, or alternatively, abstaining from exercising jurisdiction and remanding this action back to its original forum for consolidation with Jerido I, and for such other and further relief this Honorable court may deem just and proper.

Dated:  New York, New York
         June 3, 2022

                           TROLMAN GLASER CORLEY & LICHTMAN, P.C.

                           Michael Madonna (2965)
                           Attorneys for Plaintiff
                           747 Third Avenue, 23rd floor
                           New York, New York 10017
                           (212) 750-1200

10