UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EBONY S. JERIDO,

                              Plaintiff,

                -v.-

UBER TECHNOLOGIES, INC.,

                              Defendant.

---

22 Civ. 2217 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

Defendant Uber Technologies, Inc. ("Uber" or "Defendant") removed this personal injury action to this Court on the basis of diversity jurisdiction on March 17, 2022, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Dkt. #1). In broad summary, Plaintiff Ebony Jerido ("Plaintiff") alleged that Defendant was responsible for injuries that she suffered when she was struck and dragged by a vehicle driven by Uber driver Shree K. Syangtan on January 2, 2018. After the accident, Plaintiff filed two separate actions in New York State Supreme Court, Bronx County ("Bronx Supreme Court"). The first action was filed against Mr. Syangtan and Venture Leasing LLC ("Venture"). (*See* Verified Complaint, *Jerido* v. *Syangtan*, Index No. 24667/2018E ("*Jerido I*") (Dkt. #9-2)). The second action — the instant case — was filed against Uber almost three years later. (*See* Verified Complaint, *Jerido* v. *Uber Techs., Inc.*, Index No. 801508/2021E ("*Jerido II*") (Dkt. #9-3)). Uber timely removed *Jerido II* to this Court. *Jerido I* remains pending in state court.

Plaintiff now moves to join Mr. Syangtan and Venture (together, the "*Jerido I* Defendants") as parties in this action pursuant to Federal Rule of Civil

Procedure 20, and to then remand the action to state court pursuant to 28 U.S.C. § 1447(e).  For the reasons set forth in the remainder of this Opinion, the Court grants Plaintiff's motion.

## BACKGROUND[1]

This action arises from a motor vehicle accident.  Plaintiff Ebony Jerido claims to have been struck and dragged by Uber driver Shree K. Syangtan's vehicle on January 2, 2018, in the vicinity of 160 East 153rd Street in the Bronx.  (VAC ¶¶ 37-38; Pl. Br. 5; Bill of Particulars ¶¶ 6-7).[2]  Plaintiff alleges that she sustained serious injuries from the accident, including injuries to her head, face, neck, back, and left knee, all of which "are of a lasting and permanent nature" (Bill of Particulars ¶ 10), and which have rendered her disabled, "causing her to require and still need extensive and ongoing hospital, medical[,] and rehabilitation care and attention" (VAC ¶ 39).

On April 23, 2018, Plaintiff commenced an action for negligence in Bronx Supreme Court against Mr. Syangtan and Venture, the owner of the vehicle Mr. Syangtan was driving at the time of the accident, seeking to recover for her

---

[1]    For ease of reference, the Court refers to the Notice of Removal as "Notice" (Dkt. #1); to Plaintiff's verified initial complaint in the instant action as "VC" (Dkt. #9-3); to Plaintiff's verified amended complaint (the operative complaint) as "VAC" (Dkt. #1-2); to Plaintiff's verified complaint in *Jerido I* as "*Jerido I* Compl." (Dkt. #9-2); to Plaintiff's Bill of Particulars as "Bill of Particulars" (Dkt. #9-1); to Plaintiff's memorandum of law in support of her motion to remand as "Pl. Br." (Dkt. #9); to Defendant's memorandum of law in opposition to Plaintiff's motion to remand as "Def. Opp." (Dkt. #16); and to Plaintiff's reply as "Pl. Reply" (Dkt. #21).

[2]    Plaintiff has at times described herself as a passenger who "was removing a bag from the rear passenger seat when Syangtan proceeded to drive the car away, causing Plaintiff to be dragged by the vehicle" (Pl. Br. 5), and at other times as a a "pedestrian" who "was struck by the defendant's negligently operated motor vehicle and door, and was struck, caught, propelled[,] and dragged" (VAC ¶¶ 37, 54-55; Bill of Particulars ¶ 7).

injuries.  (*See generally Jerido I* Compl.; *id.* ¶¶ 5-6).  Plaintiff and Mr. Syangtan are residents of the state of New York, and Venture is a New York corporation with its principal place of business in New York.  (*Id.* ¶¶ 1-4).

On February 2, 2021, Plaintiff commenced a second action in Bronx Supreme Court against Defendant, a Delaware corporation with its principal place of business in California.  (*See* Notice ¶ 9; Pl. Br. 6 (noting that joinder of the *Jerido I* Defendants would destroy diversity jurisdiction)).  On May 14, 2021, Defendant moved to dismiss the VC on the basis that the action was barred by the statute of limitations.  (Pl. Br. 5).  *See also Jerido* v. *Uber Techs., Inc.*, No. 801508/2021E, 2021 WL 6142755, at *1 (N.Y. Sup. Ct. Nov. 26, 2021) ("*Jerido II*").  On May 17, 2021, before Defendant's motion was decided, Plaintiff filed the VAC, the operative complaint before this Court.  In the VAC, Plaintiff alleges claims of vicarious liability, as well as joint and several liability, negligent ownership, operation, maintenance, and control of Mr. Syangtan's vehicle, and negligent supervision, management, and direction of Defendant over its employee drivers (VAC ¶¶ 40, 42); violations of New York State Vehicle and Traffic Law ("VTL") § 1225-d(1-a), requiring that "[n]o motor carrier shall allow or require its drivers to use portable electronic device[s] while operating a commercial motor vehicle" (*id.* ¶¶ 43-55); and claims of "negligent and careless manufacturing, design, construction, marketing, sale[,] and distribution of the UBER App" (*id.* ¶ 56).  In this case as well, Plaintiff seeks to recover for the injuries sustained during the accident.  (*Id.* ¶¶ 57-58).

On November 29, 2021, State Supreme Court Justice Ben R. Barbato denied Defendant's motion to dismiss, finding that the case was timely pursuant to Governor Andrew Cuomo's Executive Order No. 202.8, 9 NYCRR 8.202.8, which tolled the statute of limitations during the COVID-19 pandemic, and directed Defendant to serve and file an answer within thirty days. *Jerido II*, 2021 WL 6142755, at *1. Defendant served and filed its verified answer on December 29, 2021. (Dkt. #9-6). On February 9, 2022, Plaintiff's counsel emailed counsel for Defendant with a proposed stipulation to consolidate the *Jerido I* and *Jerido II* actions, which stipulation had already been signed by counsel for the *Jerido I* Defendants. (*See* Dkt. #9-7 (Email Record of Attempt to Consolidate); Dkt. #9-8 (Proposed Stipulation/Order to Consolidate)). Defendant did not sign the stipulation, and instead filed a Notice of Removal to this Court on March 17, 2022, on the basis of diversity jurisdiction. (Dkt. #1).

Plaintiff now moves to join the *Jerido I* Defendants as parties in the instant action — thus destroying diversity jurisdiction — and remand this case to Bronx Supreme Court pursuant to 28 U.S.C. § 1447(e). (Pl. Br. 6-10). Alternatively, Plaintiff requests that the Court abstain from exercising jurisdiction and remand this case for consolidation with the *Jerido I* action. (*See id.* at 10-15).

**DISCUSSION**

**A.    The Propriety of the Initial Removal**

The Court first considers the propriety of Defendant's removal of this case to federal court.  Finding removal to be proper based on diversity jurisdiction, the Court next considers Plaintiff's request to join the *Jerido I* Defendants as parties in the instant case, and remand to Bronx Supreme Court for want of subject matter jurisdiction.  Because the relevant factors weigh in favor of joinder and remand, the Court grants Plaintiff's motion.

**1.    Applicable Law**

"[F]ederal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Purdue Pharma L.P.* v. *Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks omitted).  "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met[.]" *Id.* (citing 28 U.S.C. § 1332).

Pursuant to 28 U.S.C. § 1441(a), a party may remove a state court action to federal court if the action could originally have been commenced in federal court.  *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the

district and division embracing the place where such action is pending.").  As
relevant here, district courts have original jurisdiction over cases "between …
citizens of different states," where the amount in controversy exceeds
$75,000.  28 U.S.C. § 1332(a).  "For diversity purposes, a corporation is
considered a citizen of the state in which it is incorporated and the state of its
principal place of business."  *Bayerische Landesbank, New York Branch* v.
*Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (citing 28 U.S.C.
§ 1332(c)(1); *Univ. Licensing Corp.* v. *Paola del Lungo S.p.A.*, 293 F.3d 579, 581
(2d Cir. 2002)).

    Once an action has been removed, 28 U.S.C. § 1447(e) permits a federal
court to remand an action back to state court "on the basis of any defect in
removal procedure or because the district court lacks subject matter
jurisdiction."  *Frontier Ins. Co.* v. *MTN Owner Tr.*, 111 F. Supp. 2d 376, 379
(S.D.N.Y. 2000).  Specifically, Section 1447(e) provides that "[i]f after removal
the plaintiff seeks to join additional defendants whose joinder would destroy
subject matter jurisdiction, the court may deny joinder, or permit joinder and
remand the action to the State court."  28 U.S.C. § 1447(e).

    On a motion to remand, "the defendant bears the burden of
demonstrating the propriety of removal."  *Cal. Pub. Emps.' Ret. Sys.* v.
*WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (internal quotation marks and
citation omitted).  When an action is removed on the basis of diversity, the
party invoking federal jurisdiction bears "the burden of establishing that the
requirements for diversity jurisdiction [are] met."  *Mehlenbacher* v. *Akzo Nobel*

*Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).  "Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand."  *Lucas* v. *Verizon Commc'ns, Inc.*, No. 20 Civ. 5542 (AJN), 2021 WL 1226889, at *3 (S.D.N.Y. Mar. 31, 2021) (alteration adopted and citation omitted); *see also Purdue*, 704 F.3d at 213.

### 2.   Analysis

The two requirements for diversity are both met here, and in pursuing remand, Plaintiff does not argue otherwise.  Defendant is incorporated in Delaware with its principal place of business in California, and Plaintiff is a citizen of New York.  (VAC ¶ 2; Notice ¶ 9).  As to the amount in controversy, Plaintiff does not allege a specific damages amount in the VAC.  (*See* VAC ¶ 58). However, upon Defendant's service of a demand pursuant to New York Civil Practice Law and Rules ("CPLR") § 3017(c) that Plaintiff provide a supplemental demand for that relief to which she deemed herself entitled, Plaintiff noted that the amount she was seeking was $5,000,000.  (Notice ¶ 13; Reply to CPLR 3017c Demand (Dkt. #1-5); *see also* VAC ¶ 57 (noting that Plaintiff's various injuries required her to receive hospital care and attention, and that she "is receiving and will continue to receive necessary medical care by the reason of the injuries sustained by her and in connection with which expenses have, are[,] and will continue to be incurred")).  Accordingly, Defendant's removal of this case was proper.

B.     **Plaintiff's Request for Joinder and Remand Pursuant to 28 U.S.C.
       § 1447(e)**

The Court next turns to Plaintiff's motion to join *Jerido I* Defendants
Syangtan and Venture as parties in this action and remand the case for lack of
subject matter jurisdiction.

     **1.     Applicable Law**

Once removal is deemed proper, a district court engages in a two-
pronged analysis to determine whether to permit joinder and remand a case
pursuant to Section 1447(e).  First, the court must evaluate whether the
joinder of additional defendants is permissible under Federal Rule of Civil
Procedure 20(a)(2).  *See Nazario* v. *Deere & Co.*, 295 F. Supp. 2d 360, 363
(S.D.N.Y. 2003).  If the court finds that joinder is permissible, it then turns to
the second step, which requires the court to conduct a "fundamental fairness"
analysis to "ascertain whether the balancing of certain relevant considerations
weighs in favor of joinder and its necessarily attendant remand."  *Durstenberg*
v. *Electrolux Home Prods., Inc.*, No. 15 Civ. 9277 (CM), 2016 WL 750933, at *1
(S.D.N.Y. Feb. 23, 2016) (quoting *McGee* v. *State Farm Mut. Auto Ins. Co.,* 684 F.
Supp. 2d 258, 262 (E.D.N.Y. 2009)).

     **2.     Analysis**

Federal Rule of Civil Procedure 20(a)(2) provides that defendants may be
joined in one action if: (i) "any right to relief is asserted against them jointly,
severally, or in the alternative with respect to or arising out of the same
transaction, occurrence, or series of transactions or occurrences"; and (ii) "any

question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a)(2).

It is clear that both *Jerido I* and *Jerido II* arise out of the same occurrence — namely, Plaintiff's accident — and that an action including both *Jerido I* and *Jerido II* Defendants would involve at least one common question of law or fact.  (*Compare Jerido I* Compl. ¶¶ 11-18 (describing injuries resulting from accident and seeking damages including cost of medical care arising therefrom),[3] *with* VAC ¶¶ 56-58 (describing identical injuries and seeking damages arising therefrom)).  *See also Nazario*, 295 F. Supp. 2d at 363 (stating that under the Federal Rules generally, "the impulse is toward the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged" (citing *United Mine Workers of Am.* v. *Gibbs,* 383 U.S. 715, 724 (1966))).  Indeed, Plaintiff uses identical language in both complaints to describe her sustained injuries, and seeks damages in both actions in connection therewith.  (*Compare Jerido I* Compl. ¶¶ 18-19, *with* VAC ¶¶ 57-58).  Accordingly, Rule 20 poses no obstacle to joinder.

The Court next turns to whether joinder Plaintiff seeks and the concomitant remand comport with fundamental fairness.  "The decision whether to allow joinder is within the discretion of the trial court."  *Lebetkin* v.

---

[3]    The Court notes that the *Jerido I* Complaint appears to have a typographical error on pages 5 through 7, by which paragraphs 11 through 18 are denominated as paragraphs 1 through 8.  The Court's citation above refers to what it understands to be paragraphs 11 through 18 on pages 5 through 7.

*Giray*, No. 18 Civ. 8170 (DLC), 2018 WL 5312907, at *2 (S.D.N.Y. Oct. 26, 2018) (internal quotation marks and citation omitted).  Where, as here, joinder will destroy diversity, courts in this Circuit look to the following factors: "[i] any delay, as well as the reason for delay, in seeking joinder; [ii] resulting prejudice to defendant; [iii] likelihood of multiple litigation; and [iv] plaintiff's motivation for the amendment."  *Durstenberg*, 2016 WL 750933, at *2 (quoting *Nazario*, 295 F. Supp. 2d at 363).  Where these factors weigh in favor of the moving party, joinder is permitted.  The Court addresses each in turn.

*First*, the Court finds no meaningful delay in Plaintiff seeking joinder following Defendant's removal of this action.  Defendant filed a Notice of Removal to this Court on March 17, 2022, and service of that Notice was executed on March 21, 2022.  (Dkt. #1, 5).  Plaintiff filed a motion to join the *Jerido I* Defendants and remand to state court on April 7, 2022, less than three weeks later.  (Dkt. #9).  While Defendant argues that the Court should measure the delay from the time the instant action was filed — here, February 2, 2021 (*see* Def. Opp. 9-10) — delay is measured from the date of removal, not the day upon which the case was initiated.  *See Nazario*, 295 F. Supp. 2d at 363 ("Delay in seeking [joinder] is measured from the date of removal."); *Vanderzalm* v. *Sechrist Indus., Inc.*, 875 F. Supp. 2d 179, 184 (E.D.N.Y. 2012) (noting that "the only delay that is relevant to joinder considerations is the time between the removal of the case and the Plaintiff's motion for joinder or remand").  Indeed, Defendant cites solely to *Lebetkin* v. *Giray* for support, noting that the court there "den[ied] joinder after six-month delay from filing of

10

action." (Def. Opp. 10). Defendant misses the mark, however, because Judge Cote's reference to the "filing of [the] action" concerned the filing of the action in *federal* court — that is, the date of removal — and not the date on which the complaint was initially filed in state court. *See Lebetkin*, 2018 WL 5312907, at *2. As such, Plaintiff's less-than-three-week delay in filing her motion weighs in her favor. *See, e.g.*, *McGrath* v. *Indust. Waste Tech.*, No. 20 Civ. 2858 (KPF), 2021 WL 791537, at *7 (S.D.N.Y. Feb. 26, 2021) (finding no genuine delay where plaintiffs made a request to defendants for consent for voluntary remand fifteen days after removal, and, after defendants said no, moved for remand thirty-one days after removal); *Wyant* v. *Nat'l R.R. Passenger Corp.*, 881 F. Supp. 919, 923 (S.D.N.Y. 1995) (finding two-week delay to weigh in movant's favor); *cf. Corona Grp., LLC* v. *Park*, No. 21 Civ. 2889 (GHW), 2022 WL 16838191, at *4 (S.D.N.Y. Nov. 9, 2022) ("Waiting six months or longer after the date of removal to move for joinder of a nondiverse defendant generally weighs against joinder, particularly where there is no explanation given for the delay." (collecting cases)).

*Second*, little if any prejudice to the parties would result from joinder and remand. Discovery is in its very preliminary stages in both *Jerido I* and the instant action. (*See* Def. Opp. 23-24; Pl. Reply 4, 8). While Defendant argues that remand would result in prejudice by "depriving it of its choice of forum, further delaying the adjudication of the merits of this case, and impeding its ability to develop its defense" (Def. Opp. 10), there can be no prejudice where "th[e] action is still in its preliminary stages and discovery is ongoing," *M.S.S.*

11

*Const. Corp.* v. *Century Sur. Co.*, No. 15 Civ. 2801 (ER), 2015 WL 6516861, at

*7 (S.D.N.Y. Oct. 28, 2015).  *See also Durstenberg*, 2016 WL 750933, at *2

(finding no prejudice where the case was "in its initial stages" and discovery

had yet to begin).[4]  Indeed, while "[i]t is true that Defendants have an interest

in defending this action in this forum, and that they properly removed this

action, ... these facts alone do not suffice."  *Cooper* v. *Trustees of Coll. of Holy*

*Cross*, No. 13 Civ. 8064 (KPF), 2014 WL 2738545, at *8 (S.D.N.Y. June 17,

2014).  Because Defendant provides "no evidence that permitting the joinder of

[Syangtan and Venture] will require Defendant[ ] to revise or abandon a

litigation strategy for which resources have already been expended," this factor

weighs in favor of joinder.  *M.S.S. Const. Corp.*, 2015 WL 6516861, at *7

(quoting *Hosein* v. *CDL W. 45th St., LLC*, No. 12 Civ. 6903 (LGS), 2013 WL

4780051, at *5 (S.D.N.Y. June 12, 2013)).

    *Third*, there is a likelihood of multiple litigation should *Jerido I* proceed in

state court and *Jerido II* in federal court.  Indeed, the instant action alleges

claims of vicarious and joint and several liability regarding Defendant's

negligent ownership, operation, maintenance, and control of Mr. Syangtan's

vehicle, and negligent supervision, management, and direction of Defendant

---

[4]  *Linzy* v. *Uber Technologies Inc.*, on which Defendant principally relies, involved nearly
identical facts and procedural history, but with one critical difference: the plaintiff's
motion in that case was for discretionary remand to consolidate the two cases, not a
motion for joinder and remand for lack of subject matter jurisdiction.  No. 21 Civ. 5097
(AJN), 2022 WL 375595, at *2-3.  Indeed, the court in *Linzy* explicitly noted that "[h]ad
[plaintiff] sought to join [the defendant driver and owner of the vehicle in the
preliminary state action], a remand would be warranted, as [one of those defendants] is
a citizen of New York and therefore destroys the diversity of citizenship requirement."
*Id.* at *2 n.1.  Furthermore, "most of the discovery in *Linzy I* [was] complete," unlike the
procedural posture here.  *See id.* at *4.

over its employee drivers (VAC ¶¶ 40, 42); violations of VTL § 1225-d(1-a) (*id.* ¶¶ 43-55); and "negligent and careless manufacturing, design, construction, marketing, sale[,] and distribution of the UBER App" (*id.* ¶ 56).  Similarly, and using nearly identical language to *Jerido II*, the claims in *Jerido I* are for negligence "in the ownership, operation, maintenance[,] and control of the motor vehicle owned and operated by [the *Jerido I* Defendants]."  (*See Jerido I* Compl. ¶¶ 12-13).  While certain of the claims in *Jerido II* bear no parallel to *Jerido I* other than the underlying facts, a determination of liability as to Mr. Syangtan's negligence in *Jerido I* will have some bearing on Defendant's liability in this action.  For instance, if Mr. Syangtan is found not to be negligent, there no longer exists a basis for Defendant's liability as to the various negligent supervision claims.

The Court notes, however, that "[w]here the multiplicity of litigation is due to the plaintiff's litigation strategy, this factor carries less weight." *Vanderzalm*, 875 F. Supp. 2d at 186.  That is true here.  Indeed, "[a]ny risk of multiple litigation could have been eliminated by joining all defendants in the initial action filed in New York State Court against [Syangtan and Venture]." *Lebetkin*, 2018 WL 5312907, at *3.  Accordingly, although the Court gives this factor less weight than the other factors, the factor still weighs in Plaintiff's favor.

*Fourth*, the Court finds that Plaintiff's motivation in seeking joinder is proper.  Generally speaking, "unless a plaintiff seeks to add a non-diverse party *solely* to destroy the court's basis for diversity jurisdiction, the court is

required [if the other factors are met] to remand the action to state court." *McGrath*, 2021 WL 791537, at *7 (quoting *Balfour* v. *Quest Diagnostics Inc.,* No. 11 Civ. 4701 (JSR), 2012 WL 335666, at *2 (S.D.N.Y. Feb. 1, 2012) (internal quotation marks and citations omitted)).  "Of course, the court cannot countenance fraudulent joinder, and 'a non-diverse defendant will be disregarded in ascertaining the existence of diversity on a remand motion if that defendant has no real connection to the case and is named merely to defeat diversity jurisdiction.'" *Smith* v. *Nkomarume*, No. 17 Civ. 6369 (DF), 2018 WL 4660362, at *6 (S.D.N.Y. Sept. 5, 2018) (quoting *M.S.S. Const. Corp.*, 2015 WL 6516861, at *8 (internal quotation marks and citation omitted)).

Defendant here suggests that Plaintiff's principal desire in seeking joinder is to destroy federal diversity jurisdiction, which courts in this District have found to be an "impermissible motive." (*See* Def. Opp. 14 (quoting *Nazario*, 295 F. Supp. 2d at 364)).  Specifically, Defendant claims that Plaintiff's delayed timing in seeking consolidation prior to removal of the action, coupled with her allegedly infirm basis for seeking joinder of the non-diverse defendants in *Jerido I*, are evidence of such motive.  (*Id.* at 14-16).  Defendant also alleges that joinder is fraudulent on the basis that it would be impossible for the remanded *Jerido II* action to survive a motion to dismiss.  (*Id.* at 17-19). The Court addresses each argument separately.

In determining a plaintiff's motivation for seeking to add a non-diverse defendant, "courts typically look to the timing of the joinder, the circumstances of the case, and whether there is a cause of action against the non-diverse

14

defendant." *Smith*, 2018 WL 4660362, at *7 (internal quotation marks and citation omitted).  As to timing, a court may "infer from [a] plaintiff's litigation behavior" whether their motive is permissible.  *Linzy*, 2022 WL 1556972, at *5 (quoting *Nazario*, 295 F. Supp. 2d at 365)).  While the timing of Plaintiff's first attempt to consolidate — namely, a year from filing of *Jerido II* — may appear suspect on its own, the surrounding circumstances and reason for joinder counsel in favor of remand.  Plaintiff filed her initial complaint in *Jerido II* on February 2, 2021, and Defendant moved to dismiss the complaint on timeliness grounds on May 14, 2021.  (Pl. Br. 5).  *See also Jerido II*, 2021 WL 6142755, at *1.  Justice Barbato denied Defendant's motion four and one-half months later on November 29, 2021, directing Defendant to serve and file an answer within thirty days.  *Id.*  Defendant served its verified answer on December 29, 2021.  (Dkt. #9-6).  Plaintiff attempted to consolidate *Jerido I* and *II* via email to the parties on February 9, 2022, approximately six weeks prior to Defendant's removal of *Jerido II* to this Court.  (*See* Dkt. #9-7 (Email Record of Attempt to Consolidate); Dkt. #9-8 (Proposed Stipulation/Order to Consolidate)).  Defendant claims that the motion for remand should be denied on this basis, and on the ground that Plaintiff does "not have a good explanation for why [Uber] was not named as a defendant in the original complaint."  (Def. Opp. 16-17 (quoting *Mraz* v. *JPMorgan Chase Bank, N.A.*, No. 17 Civ. 6380 (ILG), 2018 WL 2075427, at *7 (E.D.N.Y. May 3, 2018))).

Plaintiff provides a plausible explanation for why she did not sooner move to consolidate the actions: namely, that she did not believe she could

15

consolidate the action between May 14, 2021, and November 29, 2021, while Defendant's motion to dismiss was pending in the state action.  (*See* Pl. Reply 2 (citing *Casanave* v. *Robbins*, 28 N.Y.S.2d 588 (2d Dep't 1941))).  This explanation, coupled with Plaintiff's stated purpose for joinder — to "promote judicial efficiency by preventing redundant discovery and witness testimony at two separate trials" (Pl. Br. 10 (internal quotation marks and citation omitted)) — is sufficient to outweigh any suspect timing regarding consolidation or joinder.  *See, e.g.*, *Corona Grp., LLC*, 2022 WL 16838191, at *6 ("[W]here a plaintiff identifies legitimate reasons to join a nondiverse defendant, those motivations are not necessarily overcome by identifying a possible additional, gamesmanship-based rationale for joinder." (citing *Durstenberg*, 2016 WL 750933, at *2 (finding that, while the timing of a plaintiff's motion suggested one motivation was to defeat diversity jurisdiction, the plaintiff's stated goal of avoiding multiple litigations was also a valid and convincing motive weighing in favor of joinder))); *Soto* v. *Barnitt*, No. 00 Civ. 3453 (DLC), 2000 WL 1206603, at *3 (S.D.N.Y. Aug. 23, 2000) (noting that "[w]here there is no evidence that joinder would be fraudulent or improper," a "contention that [a] plaintiff's sole motivation" is to move to another forum "is insufficient to defeat the joinder").  While the Court agrees that Plaintiff could have simply named Defendant as a party in the *Jerido I* Complaint, this fact alone is insufficient to impugn her motives in seeking joinder now.

Defendant also alleges that remand is improper because joinder would be fraudulent.  On this point, the Second Circuit teaches:

> In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court. The defendant seeking removal bears a heavy burden of proving fraudulent joiner, and all factual and legal issues must be resolved in favor of the plaintiff.

*Pampillonia* v. *RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). Defendant does not suggest that Plaintiff has made any fraudulent claims in her complaint. Instead, Defendant argues that, because the cases have yet to be consolidated, this case would be subject to dismissal under the "prior pending action doctrine." (Def. Opp. 17). That is, Defendant alleges there would be a strong likelihood that this case would be dismissed because joinder would mean the existence of "identical lawsuits against Shree Syangtan and Venture Leasing LLC, brought by and against the same party, concerning the same injury and alleged wrong doings" — namely, *Jerido I* and *Jerido II* (*id.* at 19 (citing CPLR § 3211(a)(4) ("A party may move for judgment dismissing one or more causes of action asserted against him on the ground that ... there is another action pending between the same parties for the same cause of action in a court of any state or the United States; the court need not dismiss upon this ground but may make such order as justice requires[.]"))). The mere likelihood that a court would dismiss the case under these circumstances, however, is insufficient to pass the "clear and convincing" bar under Second Circuit precedent. *See M.S.S. Const. Corp.*, 2015 WL 6516861, at *10 (quoting

17

*Vanderzalm*, 875 F. Supp. 2d at 187 ("Indeed, even where it appears that the complaint is unlikely to survive a motion to dismiss in state court, remand is only precluded on so-called fraudulent joinder grounds where state case law or legislation removes all reasonable possibility that the plaintiff would be permitted to litigate the claim."). Plaintiff has already attempted to consolidate these actions, and indicates in her instant motion that she will move to consolidate the cases upon remand. (*See* Pl. Br. 9-10). Accordingly, the Court finds that this factor, too, weighs in favor of joinder.[5]

## CONCLUSION

For the reasons set forth in this Opinion, Plaintiff's motion for remand is GRANTED. The Clerk of Court is directed to remand the case to New York State Supreme Court, Bronx County, pursuant to 28 U.S.C. § 1447(e).

SO ORDERED.

Dated:  December 29, 2022
        New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

---

[5]    Because the Court finds that joinder and remand are proper, it declines to address Plaintiff's alternative request under the abstention doctrine. (*See* Pl. Opp. 10-15).